**Gary GUIDRY, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 13–93–111–CR.**

Court of Appeals of Texas,
Corpus Christi.

Oct. 5, 1995.

Discretionary Review Refused Jan. 31, 1996.

Craig S. Smith, Smith & Edwards, Corpus Christi, for appellant.

1. *Guidry v. State,* 883 S.W.2d 275 (Tex.App.— Corpus Christi 1994), *vacated and remanded,* 896 S.W.2d 798 (Tex.Crim.App.1995).

Carlos Valdez, District Attorney, Corpus Christi, James D. Rosenkild, Assistant District Attorney, Corpus Christi, for appellee.

Before YAÑEZ, CHAVEZ, and RODRIGUEZ, JJ.

**OPINION**

CHAVEZ, Justice.

The Court of Criminal Appeals reversed this Court's previous opinion [1] and remanded the case for this Court to review the propriety of a cumulation order in which the trial court stacked life sentences assessed in two aggravated robbery offenses, each occurring on consecutive days. In two points of error, appellant asserts that the trial court erred in stacking the sentences because both aggravated robberies were the repeated commission of the same or similar offenses. We agree and sustain appellant's points of error.

Gary L. Guidry began his trip to Nueces County by stealing a car after burglarizing a car dealership in Dickinson, Texas. Along the way to Corpus Christi, Guidry, at least on three occasions, stopped in order to steal some gas. Around 3:30 a.m., he arrived at a Maverick Store on North Padre Island, entered, threatened the female attendant with a knife, and took money from the cash register. Guidry then forced the attendant into his stolen car and drove off to the mainland. A few minutes later he stopped and proceeded to sexually assault the attendant. After completing his assault, he abandoned the clerk and sped off into town where he wrecked the car, abandoned it, and then hid on the roof of a nearby school building. By the time the wreck occurred, the attendant was able to clothe herself and return to the store where she called police. The police were unable to locate Guidry that evening, but they did find a knife and clothing in the stolen car.

The following morning, Guidry walked to a nearby motel and checked in. Later in the day, Guidry purchased another knife, returned to the motel, and ate. In the afternoon, Guidry walked to a hospital parking lot

where he saw a female alighting from a car. Guidry approached her, threatened her with the knife, forced her back into the car, and drove off. Guidry asked his victim for directions to the freeway. Pretending to search for the freeway, the victim guided him into an area where the car stalled in traffic. When the car stopped, the victim managed to escape. Guidry also abandoned the car, only to be apprehended a short time later.

Guidry was indicted in Cause No. 92–CR–2134–D for the first aggravated robbery, in Cause No. 92–CR–2133–D for the aggravated sexual assault case, and in Cause No. 92–CR–2135–D for the second aggravated robbery. In a single criminal proceeding, Guidry pleaded guilty to all three indictments without the benefit of a plea bargain. The trial court assessed a life sentence in each case, but stacked the sentence of the first aggravated robbery on the sentence assessed in the aggravated sexual assault case, and then stacked the sentence assessed in the second aggravated robbery on that assessed for the first aggravated robbery.

Previously, this court found that the trial court abused its discretion in stacking the sentence assessed in the first aggravated robbery onto the sentence assessed for the sexual assault offense because both offenses were committed during the same criminal episode.[2] Such sentences shall run concurrently. TEX. PENAL CODE ANN. § 3.03 (Vernon 1994). We are now asked to determine whether the two aggravated robberies were offenses arising out of the same criminal episode so as to proscribe the sentences from being stacked.

Tex. Penal Code Ann. Sec. 3.01 provides the following definition:

In this chapter, "criminal episode" means the commission of two or more offenses, regardless of whether the harm is directed toward or inflicted upon more than one person or item of property, under the following circumstances:

(1) the offenses are committed pursuant to the same transaction or pursuant to two or more transactions that are connected or constitute a common scheme or plan; or

(2) the offenses are the repeated commission of the same or similar offenses.

TEX. PENAL CODE ANN. § 3.01 (Vernon 1994).

The two aggravated robberies were charged under Tex. Penal Code Sec. 29.03(a)(2). In each indictment, Guidry was charged with using a deadly weapon, a knife, while in the course of committing theft of property. Thus, under the definition of the Code, the second robbery is the repeated commission of the same or similar offense as the first robbery. Section 3.01(2) does not impose a time differential between the commission of the same or similar offenses. Had the Legislature wanted us to consider a time differential in the application of this section of the Code, it could have easily done so.

Therefore, under the definition of the Code, the two aggravated robberies constitute one criminal episode, and the court abused its discretion in stacking the sentence for the second aggravated robbery on the sentence assessed for the first aggravated robbery. We have already found that the sexual assault which followed the first aggravated robbery were offenses committed during the same transaction. Thus, under the definition of the Code, all three offenses comprise one criminal episode. TEX. PENAL CODE ANN. § 3.01 (Vernon 1994).

As all three offenses constitute one criminal episode, they were properly tried in one single criminal action. TEX. PENAL CODE ANN. § 3.02 (Vernon 1994). Accordingly, all three sentences shall run concurrently. TEX. PENAL CODE ANN. § 3.03 (Vernon 1994).

We sustain appellant's points of errors, vacate the cumulation order entered in Cause No. 92–CR–2135–D and reform the judgment so that all sentences shall run concurrently. As reformed, the judgment of the trial court is affirmed.

---

2. *Guidry,* 883 S.W.2d at 277.