ANN CRAWFORD McCLURE, Chief Justice
In a single issue on appeal, J.B. contends that the trial court abused its discretion in denying his petition for expunction. For the reasons that follow, we affirm.
FACTUAL SUMMARY
The State charged Appellant with two counts of aggravated assault with a deadly weapon. On February 4, 2014, a jury found Appellant not guilty on both counts. At the close of the jury trial, the trial court indicated that there was still an additional retaliation charge pending against Appellant *438 related to the aggravated assault offense.
On February 27, 2014, Appellant filed an amended motion requesting the expunction of his arrest records of the aggravated assault offense pursuant to Article 55.01 of the Texas Code of Criminal Procedure. In his motion, Appellant argued that he was entitled to the mandatory expunction under Article 55.01(a)(1)(A) of the Texas Code of Criminal Procedure despite the fact that he was still facing prosecution for a retaliation offense related to the acquitted aggravated assault offense.
On March 5, 2014, the trial court held a hearing on the expunction motion. At the hearing, Appellant contended that the exception set forth in Article 55.01(c) was inapplicable to his case because his acquitted aggravated assault offense occurred prior to the pending retaliation offense and thus did not arise out of the pending retaliation offense. Article 55.01(c) prohibits a trial court from expunging records and files related to a defendant's offense when he is still subject to the prosecution of or was convicted of another offense that occurred during the same criminal episode. TEX.CODE CRIM.PROC.ANN. art. 55.01(c) (West Supp. 2015).
The State countered that in order for the Article 55.01(c) exception to apply, the statute only requires that the two offenses--the pending offense and the acquitted offense--arise out of the same criminal episode. In response to Appellant's interpretation of Article 55.01(c), the State argued that such an interpretation would lead to absurd results never intended by the Legislature. Specifically, the State asserted that the Legislature could not have intended Article 55.01(c) to effectively prohibit the prosecution for retaliation against the witness to an offense if the defendant was found not guilty of the underlying offense for which he retaliated.
The State further maintained that the two offenses were undoubtedly interrelated, and therefore arose out of the same criminal episode as defined under section 3.01 of the Texas Penal Code and incorporated in the Article 55.01(c) expunction exception. The trial court agreed with the State that the two transactions were connected and went on to explain that the State would be precluded from presenting evidence as to why the victim of retaliation was being retaliated against if Appellant's records and files related to the aggravated assault offense were expunged. The trial court further noted:
It wasn't a brand new fact pattern; it was a continuation of the same fact pattern. The alleged aggravated assault occurred, the shooting occurred, and then there was a subsequent effort alleged--alleged subsequent effort of retaliation against the complainant[.]
The trial court then took the expunction request under advisement and issued an order the following day denying Appellant's request for the expunction of his records and files related to his acquitted aggravated assault offense.
STANDARD OF REVIEW
We review a trial court's ruling on a petition for expunction under an abuse of discretion standard. In re C.F.P. , 388 S.W.3d 326, 328 (Tex.App.--El Paso 2012, no pet.) ; In the Matter of the Expunction of D.R.R. , 322 S.W.3d 771, 772-73 (Tex.App.--El Paso 2010, no pet.). When, as in this case, the Appellant alleges that he is entitled to an expunction under Article 55.01(a), the trial court has no discretion but to grant the petition if the statutory conditions are satisfied. In re J.O. , 353 S.W.3d 291, 293 (Tex.App.--El Paso 2011, no pet.). A trial court abuses its discretion if it orders an expunction of records despite a petitioner's failure to satisfy all of *439 the statutory requirements. Travis Cty. Dist. Attorney v. M.M. , 354 S.W.3d 920, 929 (Tex.App.--Austin 2011, no pet.) ; Texas Dep't of Pub. Safety v. Fredricks , 235 S.W.3d 275, 281 (Tex.App.--Corpus Christi 2007, no pet.).
However, we review a trial court's interpretation or application of expunction statutes de novo. T.C.R. v. Bell Cty. Dist. Attorney's Office , 305 S.W.3d 661, 668-69 (Tex.App.--Austin 2009, no pet.). We review the trial court's interpretation and application of Article 55.01(c)de novo because statutory construction is a legal question and the "trial court has no 'discretion' in determining what the law is or applying the law to the facts," Walker v. Packer , 827 S.W.2d 833, 840 (Tex. 1992), and " 'abuses its discretion' if it misinterprets or misapplies the law." T.C.R. , 305 S.W.3d at 668-69, citing Perry Homes v. Cull , 258 S.W.3d 580, 598 (Tex. 2008) ; Walker , 827 S.W.2d at 840.
"When ... the trial court makes no separate findings of fact or conclusions of law, we draw every reasonable inference supported by the record in favor of the trial court's judgment. We must then affirm the judgment of the trial court on any legal theory that finds support in the evidence." S.J. v. State , 438 S.W.3d 838, 841 (Tex.App.--Fort Worth 2014, no pet.), citing Murray v. Murray , 276 S.W.3d 138, 143 (Tex.App.--Fort Worth 2008, pet. dism'd) (citation omitted).
THE EXPUNCTION STATUTE
The purpose of an expunction statute is to permit the expunction of records of wrongful arrests. Harris Cty. Dist. Attorney's Office v. J.T.S. , 807 S.W.2d 572, 574 (Tex. 1991) ; Travis Cty. Dist. Attorney v. M.M. , 354 S.W.3d 920, 926 (Tex.App.--Austin 2011, no pet.). If an applicant who has been arrested for the commission of an offense meets all the requirements of Article 55.01 of the Texas Code of Criminal Procedure, then all information about the arrest is removed from the State's records. Tex. Dep't of Pub. Safety v. Nail , 305 S.W.3d 673, 675 (Tex.App.--Austin 2010, no pet.). A petitioner's right to expunction is purely a matter of statutory privilege. Heine v. Texas Department of Public Safety , 92 S.W.3d 642, 648 (Tex.App.--Austin 2002, pet. denied). While the expunction statute is located in the Texas Code of Criminal Procedure, an expunction proceeding is civil in nature rather than criminal, In re R.R. , 342 S.W.3d 126, 129 (Tex.App.--El Paso 2011, no pet.), and the petitioner bears the burden of showing that all of the statutory requirements have been met. Nail , 305 S.W.3d at 675 ; In re I.V. , 415 S.W.3d 926, 929 (Tex.App.--El Paso 2013, no pet.) (explaining that in a statutory cause of action, all provisions are mandatory and exclusive).
Article 55.01(a) of the Texas Code of Criminal Procedure provides a person, who has been placed under a custodial or noncustodial arrest for a commission of either a felony or misdemeanor, with the right to have all of their records and files related to the arrest expunged if "[t]he person is tried for the offense for which the person is arrested and is: [a]cquitted by the trial court, except as provided by Subsection (c)" .... TEX.CODE CRIM.PROC.ANN. art. 55.01(a)(1)(A).
Subsection (c) provides that a court may not order an expunction of records, even if a person was subsequently acquitted, if the offense arose out of a criminal episode, as defined by Section 3.01, Penal Code, and person was convicted of or remains subject to prosecution for at least one other offense occurring during the criminal episode. In re I.V. , 415 S.W.3d at 931. TEX.CODE CRIM.PROC.ANN. art. 55.01(c). As we previously explained in *440 In the Matter of the Expunction of O.R.T. , 414 S.W.3d 330, 332 (Tex.App.--El Paso 2013, no pet.), a trial court has absolutely no discretion to deny an expunction if the petitioner satisfies the statutory requirements contained in Article 55.01(a). A petitioner's burden includes establishing that subsection (c) does not apply. In re I.V. , 415 S.W.3d at 931-32. Moreover, the Corpus Christi court of appeals similarly held that an acquitted defendant failed to meet his burden of showing that he is entitled to expunction relief under the statute because he failed to negate the State's assertion that he was still subject to prosecution for additional offenses arising out of the same criminal episode. State v. Echeverry , 267 S.W.3d 423, 426-27 (Tex.App.--Corpus Christi 2008, pet. denied).
When interpreting statutes, our primary objective is to give effect to the Legislature's intent as expressed by the statutory language. TEX.GOV'T CODE ANN. § 312.005 (West 2013) ; F.F.P. Operating Partners, L.P. v. Duenez , 237 S.W.3d 680, 683 (Tex. 2007) (op. on reh'g). In order to discern the legislature's intent, we begin with the statute's words. State v. Shumake , 199 S.W.3d 279, 284 (Tex. 2006). If the language in the statute is unambiguous, we adopt the interpretation supported by its plain language unless doing so would lead to absurd results that the Legislature could not possibly have intended. Tex. Dep't of Protective & Regulatory Servs. v. Mega Child Care, Inc. , 145 S.W.3d 170, 177 (Tex. 2004). We consider statutes as a whole rather than their isolated provisions. Tex. Dep't of Transp. v. City of Sunset Valley , 146 S.W.3d 637, 642 (Tex. 2004). We operate under the presumption that the legislature chooses a statute's language with care, deciding to omit or include words purposefully. In the Interest of M.N. , 262 S.W.3d 799, 802 (Tex. 2008).
THE ARTRICLE 55.01(c) EXCEPTION
The sole issue on appeal is whether the Article 55.01(c) exception to the mandatory expunction provision applies. This issue is one of statutory construction. Specifically, Appellant argues that the exception prohibiting expunction applies only if the acquitted offense arose out of the pending offense. Therefore, according to Appellant, because his acquitted aggravated assault offense did not arise out of his still-pending retaliation offense, the Article 55.01(c) exception to his right to mandatory expunction does not apply. We disagree.
The plain language of Article 55.01(c) is clear and we hold that Article 55.01(c) does not support Appellant's claim that because his acquitted offense did not arise out of his pending offense, Article 55.01(c) does not apply. Appellant misinterprets the plain meaning of the statute. There is no requirement contained within the plain language of Article 55.01(c) that the acquitted charge arise out of the still-pending charge in order for the exception to be applicable. Rather, it only requires that the acquitted and pending offenses arise from the same criminal episode.
Because Article 55.01(c) incorporates the Texas Penal Code's definition of "criminal episode," we must address its meaning as well. TEX.CODE CRIM.PROC.ANN. art. 55.01(c). Section 3.01 of the Texas Penal Code defines "criminal episode" as: "[t]he commission of two or more offenses, regardless of whether the harm is directed toward or inflicted upon more than one person or item of property, under the following circumstances: (1) the offenses are committed pursuant to the same transaction or pursuant to two or more transactions that are connected or constitute a common scheme or plan; ...." TEX.PENAL CODE ANN. § 3.01 (West 2011). Our sister courts have already established that a criminal episode may include multiple arrests or *441 transactions. TEX.PENAL CODE ANN. § 3.01 (stating that a criminal episode comprises two or more offenses and may include multiple transactions); Ingram v. State , No. 09-10-00346-CV, 2011 WL 5299475, at *3 (Tex.App.--Beaumont, Nov. 3, 2011, pet. denied) (mem. op. on reh'g).
Additionally, there is no requirement that the multiple offenses or transactions that comprise a criminal episode occur on the same day. In Guidry v. State , the court indicated that "[h]ad the Legislature wanted us to consider a time differential in the application of [ § 3.01 ], it could have easily done so." 909 S.W.2d 584, 585 (Tex.App.--Corpus Christi 1995, pet. ref'd). See also Crunk v. State , No. 13-07-00712-CR, 2009 WL 2973474, at *7-9 (Tex.App.--Corpus Christi, Sept. 17, 2009, pet. ref'd) (mem. op.)(not designated for publication)(holding that a defendant's murder offense and his tampering with the evidence offense that occurred the next day were committed pursuant to the same transaction); Hernandez v. State , 938 S.W.2d 503, 508-09 (Tex.App.--Waco 1997, pet. ref'd) (finding that an April 16 cocaine sale and a September 22 marihuana sale were merely repetitious commissions of the same offense).
Here, the two offenses at issue--the acquitted aggravated assault offense and the still-pending retaliation offense--clearly fit within Section 3.01 of the Texas Penal Code's definition of "criminal episode." The record reflects that the criminal episode began with the aggravated assault offense and shortly thereafter Appellant committed the retaliation offense in an attempt to intimidate the witnesses involved in the aggravated assault offense. The trial court properly recognized that proving the pending retaliation offense necessarily required putting on evidence of the acquitted aggravated assault offense. We agree with the trial court that the retaliation offense did not constitute a brand new fact pattern; but, rather, that it was a continuation of the same fact pattern.
Moreover, Appellant even concedes in making his argument that his still-pending retaliation offense arose out of his earlier, acquitted aggravated-assault offense. Because the statute only requires that the two offenses arise out of the same criminal episode, and not that the acquitted offense arise out of the pending offense, Appellant has failed to negate that Article 55.01(c) does not apply in this instance. Accordingly, we conclude that the trial court did not abuse its discretion in denying Appellant's petition for expunction. For these reasons, we overrule the sole issue and affirm the judgment of the trial court.