

## Fourth Court of Appeals
### San Antonio, Texas

## MEMORANDUM OPINION

No. 04-19-00149-CV

**EX PARTE** Ruben **RIOS**

From the 437th Judicial District Court, Bexar County, Texas
Trial Court No. 2017-W-0521
Honorable Lori I. Valenzuela, Judge Presiding

Opinion by:    Irene Rios, Justice

Sitting:    Patricia O. Alvarez, Justice
Irene Rios, Justice
Beth Watkins, Justice

Delivered and Filed: September 11, 2019

AFFIRMED

Appellant Ruben Rios appeals the trial court's order denying his petition for expunction filed in the underlying cause. We affirm the trial court's denial of Rios's petition for expunction.

### BACKGROUND

On November 14, 2012, the State filed an information in County Court Case No. 409540 alleging Rios committed the offense of driving while intoxicated on or about May 12, 2012. On October 2, 2013, in County Court Case No. 439052, the State filed another information alleging Rios committed the offense of driving while intoxicated on or about September 28, 2013. On March 24, 2014, Rios pleaded no contest to driving while intoxicated in Case No. 409540, and the trial court sentenced Rios to two years' community supervision. On June 19, 2017, the trial court revoked Rios's community supervision in Case No. 409540 and sentenced Rios to ten years'

imprisonment. On June 21, 2017, the trial court signed a judgment of acquittal, granting Rios's motion for directed verdict and finding Rios not guilty of driving while intoxicated in Case No. 439052.

On July 14, 2017, Rios filed a petition for expunction, seeking expunction of all criminal records and files relating to Case No. 439052 for which Rios was acquitted. On July 21, 2017, the trial court signed an "Order of Expunction Following Acquittal," granting Rios relief and ordered the expunction of all records and files related to the arrest and/or alleged offense described in the petition. On August 23, 2017, the Texas Department of Public Safety ("the Department") filed its First Amended Motion for New Trial, which was set for a hearing on October 2, 2017. On October 3, 2017, the trial court signed an order that granted the Department's motion for new trial and set aside its prior expunction. *See Ex parte Rios*, No. 04-17-00652-CV, 2018 WL 4903070, at *1 (Tex. App.—San Antonio Oct. 10, 2018, no pet.). Rios appealed the order granting the Department's motion for new trial. *Id*. This court dismissed Rios's appeal for lack of jurisdiction. *Id.* at *2.

Rios then requested the trial court set a hearing on Rios's motion for rehearing on the Department's motion for new trial. On March 4, 2019, the trial court denied Rios's petition for expunction. This appeal followed.

## PETITION FOR EXPUNCTION

In his first issue, Rios contends the trial court erred by denying his petition for expunction because the offense for which he was acquitted did not arise out of the same criminal episode as the offense for which he was convicted. Rios additionally contends, in his second issue, that "[t]he trial court's application of 'criminal episode' as applied by the court's [sic] in the expunction context, flies in the face of double jeopardy considerations."

**Standard of Review**

Although a trial court's ruling on a petition for expunction is reviewed for an abuse of discretion, a trial court "has no discretion in deciding what the law is or in applying it to the facts." *State v. T.S.N.*, 547 S.W.3d 617, 620 (Tex. 2018). Therefore, when a trial court's expunction ruling turns on a question of law such as statutory construction, it is subject to de novo review. *Id.* Here, the trial court's expunction ruling involves the interpretation and application of article 55.01(c) of the expunction statute;[1] therefore, we review the trial court's ruling de novo. *See id.*; *Ex parte Expunction of J.B.*, 564 S.W.3d 436, 439 (Tex. App.—El Paso 2016, no pet.).

**Discussion**

*Offenses Arising Out of the Same Criminal Episode*

"Expunction is not a right; it is a statutory privilege." *In re State Bar of Tex.*, 440 S.W.3d 621, 624 (Tex. 2014). As such, the petitioner bears the burden of establishing that all of the statutory conditions or requirements are met. *See T.S.N.*, 547 S.W.3d at 620; *Ex parte Expunction of J.B.*, 564 S.W.3d at 439.

Article 55.01(a)(1)(A) of the Texas Code of Criminal Procedure permits a person to have all records and files relating to his arrest expunged if the person is tried and acquitted of the offense. TEX. CODE CRIM. PROC. ANN. art. 55.01(a)(1)(A). Article 55.01(c), however, contains an exception to the foregoing provision, which prohibits a trial court from ordering an expunction of records, even if the person was acquitted, if the offense arose out of a criminal episode, as defined by section 3.01 of the Texas Penal Code, and the person was convicted of at least one other offense occurring during the criminal episode. *Id.* art. 55.01(c). Because article 55.01(c) incorporates the Texas Penal Code's definition of "criminal episode," we must construe both article 55.01(c) of the

---

[1] TEX. CODE CRIM. PROC. ANN. art. 55.01

Texas Code of Criminal Procedure and section 3.01 of the Texas Penal Code in determining whether the trial court erred by denying the expunction petition.

"Statutes are to be analyzed as a cohesive, contextual whole with the goal of effectuating the Legislature's intent and employing the presumption that the Legislature intended a just and reasonable result." *T.S.N.*, 547 S.W.3d at 620 (internal quotation omitted). "Further, our analysis is limited to application of the plain meaning of the statutory language unless a different meaning is apparent from the context or the plain meaning leads to absurd or nonsensical results." *Id*. at 621 (internal quotation omitted). We also "operate under the presumption that the legislature chooses a statute's language with care, deciding to omit or include words purposefully." *Ex parte Expunction of J.B.*, 564 S.W.3d at 440.

Section 3.01 of the Texas Penal Code defines "criminal episode" as "the commission of two or more offenses, regardless of whether the harm is directed toward or inflicted upon more than one person or item of property, under the following circumstances:

(1) the offenses are committed pursuant to the same transaction or pursuant to two or more transactions that are connected or constitute a common scheme or plan; or

(2) the offenses are the repeated commission of the same or similar offenses."

TEX. PENAL CODE ANN. § 3.01. Here, we focus on the portion of the statute defining criminal episode as two or more offenses that are "the repeated commission of the same or similar offenses." *Id*. Section 3.01(2) does not impose a particular time frame within which the same or similar offenses must be repeated. *See Ex parte Expunction of J.B.*, 564 S.W.3d at 441; *Waddell v. State*, 456 S.W.3d 366, 369 (Tex. App.—Corpus Christi 2015, no pet.); *Baker v. State*, 107 S.W.3d 671, 673 (Tex. App.—San Antonio 2003, no pet.) (citing *Guidry v. State*, 909 S.W.2d 584, 585 (Tex. App.—Corpus Christi 1995, pet. ref'd) (section 3.01(2) does not impose a time differential between the commission of same or similar offenses)). As our sister court has noted, "Had the

Legislature wanted us to consider a time differential in the application of this section of the Code, it could have easily done so." *Guidry*, 909 S.W.2d at 585. Similarly, section 3.01(2) does not require that the offenses be committed in the same or similar fashion — only that the offenses are the repeated commission of the same or similar offense. *Waddell*, 456 S.W.3d at 370; *see also Baker*, 107 S.W.3d at 673 (noting repeated commission of same or similar offenses is distinct from continuing course of offenses involving similar facts); *see generally Duncan v. State*, No. 08-12-00328-CR, 2013 WL 5716179, at *2 (Tex. App.—El Paso Oct. 18, 2013, no pet.) (not designated for publication) ("To be characterized as a single criminal episode, multiple offenses occurring on different dates, in different places, and against several complainants must either: (1) be the same or similar; (2) share a common scheme or plan; or (3) have been repeated in a similar fashion.").

Here, applying the plain language of section 3.01(2), the 2012 driving while intoxicated offense is the same offense as the 2013 driving while intoxicated offense. Accordingly, because the two offenses are the repeated commission of the same offense, the trial court did not err by denying Rios's expunction petition as Rios was convicted of an offense that occurred during the same criminal episode as the offense for which he was acquitted.

Issue one is overruled.

### *Double Jeopardy*

To the extent Rios argues the trial court's denial of his petition for expunction subjected him to additional punishment for the same conduct, we find Rios's argument unpersuasive. Expunction allows an individual, previously arrested for the commission of an offense, to have his records and files relating to the arrest expunged if all statutory requirements are met. *See* TEX. CODE CRIM. PROC. ANN. art. 55.01. The mere maintenance of arrest records and files relating to an offense rather than destroying the records and files does not put an individual in jeopardy for that offense. *See Ex parte Harrison*, 52 S.W.3d 901, 903 (Tex. App.—Eastland 2001, no pet.).

Issue two is overruled.

### THE TEXAS DEPARTMENT OF PUBLIC SAFETY'S STANDING

In his third issue, Rios contends the Texas Department of Public Safety ("the Department") is not a party in fact because the Department did not timely intervene in the underlying dispute and, therefore, has no standing to contest Rios's petition for expunction.

The statutory procedure for expunction provides for the participation of the various law enforcement agencies that have records or files subject to expunction. *Tex. Dep't of Pub. Safety v. Butler*, 941 S.W.2d 318, 320 (Tex. App.—Corpus Christi 1997, no writ). The statute requires the trial court to give reasonable notice of an expunction hearing to each official, agency or other entity named by the petitioner as having records or files subject to expunction, and provides that any such agency "may be represented by the attorney responsible for providing such agency with legal representation in other matters." TEX. CODE CRIM. PROC. ANN. art. 55.02 §§ 2(c), 2(c-1); *Butler*, 941 S.W2d at 320. If the Department or another agency does not appear at the expunction hearing, the district attorney represents the agency's interests during the expunction hearing. *Butler*, 941 S.W2d at 319-20; *see Tex. Dep't of Pub. Safety v. Cryan*, No. 14-04-00507-CV, 2005 WL 1924125 (Tex. App.—Houston [14th Dist.] Aug. 11, 2005, no pet.) (mem. op.). If the trial court grants the petition for expunction, an agency protesting an expunction order may appeal the trial court's decision in the same manner as in other civil cases. TEX. CODE CRIM. PROC. ANN. art. 55.02, § 3(a).

Here, Rios's petition for expunction includes the Department as an agency that may have records or files subject to expunction. However, the record does not indicate the Department received notice of the expunction hearing. According to the record before us, the Department did not receive notice of the expunction proceedings until the trial court signed an order granting Rios's expunction on July 21, 2017. As the Department is an agency with records or files subject

to the expunction, it clearly has standing to contest the expunction and did so when it timely filed its motion for new trial on August 18, 2017, and its amended motion for new trial on August 23, 2017.

Rios's third issue is overruled.

## CONCLUSION

For the foregoing reasons, we affirm the trial court's order.

Irene Rios, Justice