

# Fourth Court of Appeals
## San Antonio, Texas

## OPINION

Nos. 04-18-00772-CV & 04-18-00773-CV

**EX PARTE J.A.B.**, Jr.

From the 216th Judicial District Court, Kerr County, Texas
Trial Court Nos. 18-833-A & 18-834-A
Honorable N. Keith Williams, Judge Presiding

Opinion by: Beth Watkins, Justice
Concurring Opinion by: Rebeca C. Martinez, Justice, joined by Liza A. Rodriguez, Justice

Sitting: Rebeca C. Martinez, Justice
Beth Watkins, Justice
Liza A. Rodriguez, Justice

Delivered and Filed: October 23, 2019

REVERSED AND RENDERED

The Texas Department of Public Safety appeals the trial court's orders granting the petitions for expunction filed in the underlying causes by J.A.B., Jr. The Department contends the trial court erred in granting the expunctions because: (1) the offenses for which J.A.B. was acquitted arose out of the same criminal episode as an offense for which he was convicted; and (2) the evidence is insufficient to support the expunctions. We reverse the trial court's orders and render judgment denying the petitions.

## BACKGROUND

J.A.B. filed petitions to expunge all criminal records and files pertaining to his 2016 arrest for two offenses of assault of a public servant. The Department filed an original answer and general denial asserting J.A.B. was not entitled to expunge the records of this arrest because he

was convicted of the same or similar offenses which arose out of a criminal episode for which expunction is not available.[1] Specifically, the Department alleged J.A.B. was previously convicted of the following same or similar offenses:

- one count of assault of a public servant in 2010;

- two counts of harassment of a public servant in 2010; and

- one count of aggravated assault with a deadly weapon in 2015.

The Department did not attend the hearing on J.A.B.'s petitions. J.A.B. testified the 2016 charges were filed while he was in jail in Kerr County, and he was alleged to have assaulted two officers who were trying to restrain him after they found contraband. He testified he was acquitted by a jury of the 2016 charges.

With regard to the 2015 aggravated assault with a deadly weapon charge, J.A.B. explained that offense occurred after he was released from the juvenile correctional facility. He was placed on deferred adjudication for the offense, but was later adjudicated and sentenced to seven years' imprisonment. J.A.B. testified the victim in that offense was not a correctional officer, and he was not confined when the offense occurred. J.A.B. also stated the 2015 offense was "the offense dealing with the concert."

Finally, J.A.B. explained that the 2010 charges of harassment of a public servant involved him spitting on a correctional officer while in a juvenile correctional facility. He also explained the 2010 charge of assault of a public servant occurred when he was "playing tug of war" with a correctional officer and her walkie-talkie. When he yanked the walkie-talkie from her hand, he hit another officer he did not see standing next to him.

---

[1] Throughout this litigation, the Department has referred to J.A.B.'s arrest as having occurred on January 23, 2017. The trial court found that arrest occurred on November 28, 2016.

At the conclusion of the hearing, the trial court granted the petitions reasoning the 2015 offense was not the "same or similar" because it did not involve an assault on a law enforcement officer. The trial court also reasoned the 2010 offenses occurred when J.A.B. was a juvenile. The trial court's written orders state J.A.B. was entitled to the expunctions under article 55.01(a)(1)(A) of the Texas Code of Criminal Procedure.

## STANDARD OF REVIEW

A trial court's ruling on a petition for expunction is generally reviewed for abuse of discretion, but a trial court has no discretion in deciding what the law is or in applying it to the facts. *State v. T.S.N.*, 547 S.W.3d 617, 620 (Tex. 2018). Therefore, when a trial court's expunction ruling turns on a question of law like statutory construction, it is subject to de novo review. *Id.* Here, the trial court's expunction ruling involves the interpretation and application of article 55.01(c) of the expunction statute; therefore, we review the trial court's ruling de novo. *See id.*; *In re Expunction of J.B.*, 564 S.W.3d 436, 439 (Tex. App.—El Paso 2016, no pet.).

## DISCUSSION

The purpose of an expunction statute is to permit the expunction of records of wrongful arrests. *Harris Cty. Dist. Attorney's Office v. J.T.S.*, 807 S.W.2d 572, 574 (Tex. 1991). "Expunction is not a right; it is a statutory privilege." *In re State Bar of Tex.*, 440 S.W.3d 621, 624 (Tex. 2014). If an applicant who has been arrested for the commission of an offense meets all the requirements of the expunction statute, then all information about the arrest is removed from the State's records. *See In re J.B.*, 564 S.W.3d at 439. The petitioner bears the burden of establishing that all of the statutory conditions or requirements are met. *See T.S.N.*, 547 S.W.3d at 620; *In re J.B.*, 564 S.W.3d at 439.

Texas's expunction statute is codified in article 55.01(a)(1)(A) of the Texas Code of Criminal Procedure, which permits a person to have all records and files relating to his arrest

expunged if the person is tried and acquitted of the offense. TEX. CODE CRIM. PROC. ANN. art. 55.01(a)(1)(A). That statute contains an exception which prohibits a trial court from ordering an expunction of records—even if the person was acquitted—if the offense arose out of a "criminal episode" and the person was convicted of at least one other offense occurring during the criminal episode. *Id*. art. 55.01(c). Article 55.01(c) incorporates the definition of criminal episode from Texas Penal Code section 3.01. *Ex parte Rios*, No. 04-19-00149-CV, 2019 WL 4280082, at *2 (Tex. App.—San Antonio Sept. 11, 2019, no pet. h.). For that reason, we must construe both article 55.01(c) of the Texas Code of Criminal Procedure and section 3.01 of the Texas Penal Code in determining whether the trial court properly granted the expunctions. *See id*.

"Statutes are to be analyzed as a cohesive, contextual whole with the goal of effectuating the Legislature's intent and employing the presumption that the Legislature intended a just and reasonable result." *T.S.N.*, 547 S.W.3d at 620 (internal quotation omitted). "Further, our analysis is limited to application of the plain meaning of the statutory language unless a different meaning is apparent from the context or the plain meaning leads to absurd or nonsensical results." *Id*. at 621 (internal quotation omitted). We also "operate under the presumption that the legislature chooses a statute's language with care, deciding to omit or include words purposefully." *In re J.B.*, 564 S.W.3d at 440.

As this court recently recognized in *Ex parte Rios*, "[s]ection 3.01 of the Texas Penal Code defines 'criminal episode' as 'the commission of two or more offenses, regardless of whether the harm is directed toward or inflicted upon more than one person or item of property, under the following circumstances:

(1) the offenses are committed pursuant to the same transaction or pursuant to two or more transactions that are connected or constitute a common scheme or plan; or

(2) the offenses are the repeated commission of the same or similar offenses.'"

*Ex parte Rios*, 2019 WL 4280082, at \*2 (quoting TEX. PENAL CODE ANN. § 3.01). In this case, the Department focuses on the portion of the definition that defines criminal episode as two or more offenses which are "the repeated commission of the same or similar offenses." *Id*. Section 3.01(2) does not impose a particular time frame within which the same or similar offenses must be repeated. *See Ex parte Rios*, 2019 WL 4280082, at \*2; *In re J.B.*, 564 S.W.3d at 441; *Waddell v. State*, 456 S.W.3d 366, 369 (Tex. App.—Corpus Christi 2015, no pet.); *Baker v. State*, 107 S.W.3d 671, 673 (Tex. App.—San Antonio 2003, no pet.) (citing *Guidry v. State*, 909 S.W.2d 584, 585 (Tex. App.—Corpus Christi 1995, pet. ref'd) (section 3.01(2) does not impose time differential between commission of same or similar offenses)). "Had the Legislature wanted us to consider a time differential in the application of this section of the Code, it could have easily done so." *Guidry*, 909 S.W.2d at 585. In addition, section 3.01(2) does not require that the offenses be committed in the same or similar fashion—only that the offenses are the repeated commission of the same or similar offense. *Ex parte Rios*, 2019 WL 4280082, at \*2; *Waddell*, 456 S.W.3d at 370; *see also Baker*, 107 S.W.3d at 673 (noting repeated commission of same or similar offenses under section 3.01 is distinct from continuing course of offenses involving similar facts); *see generally Duncan v. State*, No. 08-12-00328-CR, 2013 WL 5716179, at \*2 (Tex. App.—El Paso Oct. 18, 2013, no pet.) (not designated for publication) ("To be characterized as a single criminal episode, multiple offenses occurring on different dates, in different places, and against several complainants must either: (1) be the same or similar; (2) share a common scheme or plan; or (3) have been repeated in a similar fashion.").

The 2016 offenses for assault of a public servant constitute "the repeated commission of the same . . . offense" as the 2010 offense for assault of a public servant. TEX. PENAL CODE § 3.01(2). The Legislature has declared that arrest records from the repeated commission of the same offense are not available for expunction, even when arrests lead to acquittals. TEX. CODE

CRIM. PROC. art. 55.01(c). For that reason, J.A.B.'s arrest record for the 2016 offenses are not available for expunction.

## CONCLUSION

The trial court's orders are reversed, and judgment is rendered denying the petitions for expunction.

Beth Watkins, Justice