

# Fourth Court of Appeals
## San Antonio, Texas

## MEMORANDUM OPINION

No. 04-19-00479-CV

**EX PARTE R.A.L.**, Jr.

From the 144th Judicial District Court, Bexar County, Texas
Trial Court No. 2019W0563
Honorable Ray Olivarri, Judge Presiding

Opinion by:    Beth Watkins, Justice

Sitting:    Sandee Bryan Marion, Chief Justice
Patricia O. Alvarez, Justice
Beth Watkins, Justice

Delivered and Filed: February 5, 2020

REVERSED AND RENDERED

The Texas Department of Public Safety appeals the trial court's order granting the petition for expunction filed by R.A.L., Jr. The Department contends the trial court erred in granting the expunction because the 2017 driving while intoxicated offense for which R.A.L. was acquitted constitutes the same "criminal episode" as a 2013 driving while intoxicated offense for which he was convicted. We agree, so we reverse the trial court's order and render judgment denying the petition.

### BACKGROUND

On December 25, 2017, R.A.L. was arrested for driving while intoxicated. After a jury acquitted him of that charge, he filed a petition to expunge all criminal records and files pertaining to his 2017 arrest. In his verified petition, R.A.L. admitted that the arrest records he sought to

expunge were "Driving While Intoxicated-2D." The Department did not file an answer and the trial court signed an order requiring the Department to expunge all records regarding R.A.L.'s 2017 arrest.[1]

The Department filed a motion for new trial alleging that R.A.L. was not entitled to expunge the records of his 2017 arrest because he was previously convicted of driving while intoxicated in 2013, and since the 2013 and 2017 offenses are "the same or similar offenses," they constitute a criminal episode for which expunction is not available. The Department attached to its motion a certified copy of the 2013 judgment convicting R.A.L. of driving while intoxicated with a blood alcohol content of 0.15 or higher. The record indicates that no hearing was held on the expunction petition or the Department's motion for new trial. The Department timely appealed, arguing that R.A.L. was not statutorily entitled to an expunction and that the evidence supporting the trial court's order is legally insufficient.

### STANDARD OF REVIEW

A trial court's ruling on a petition for expunction is generally reviewed for abuse of discretion, but a trial court has no discretion in deciding what the law is or in applying it to the facts. *State v. T.S.N.*, 547 S.W.3d 617, 620 (Tex. 2018). When a trial court's expunction ruling turns on a question of law like statutory construction, it is subject to de novo review. *Id*. Here, the trial court's expunction ruling involves the interpretation and application of article 55.01(c) of the expunction statute. *See id.*; *In re Expunction of J.B.*, 564 S.W.3d 436, 439 (Tex. App.—El Paso 2016, no pet.). We review the trial court's ruling de novo. *See T.S.N.*, 547 S.W.3d at 620.

---

[1] In its motion for new trial, the Department alleged that it "was not made aware of any Petition for Expunction or hearing date, only receiving notice of the signed order." R.A.L.'s petition for expunction lists the Department as one of several "law enforcement agencies [that] have records or files subject to expunction herein and should be served with notice of this petition."

**DISCUSSION**

Expunction statutes permit the expunction of records of wrongful arrests. *Harris Cty. Dist. Attorney's Office v. J.T.S.*, 807 S.W.2d 572, 574 (Tex. 1991). "Expunction is not a right; it is a statutory privilege." *In re State Bar of Tex.*, 440 S.W.3d 621, 624 (Tex. 2014). If a petitioner who has been arrested for the commission of an offense meets all the requirements of the expunction statute, then all information about the arrest is removed from the State's records. *See In re J.B.*, 564 S.W.3d at 439. The petitioner bears the burden of establishing that all of the statutory conditions or requirements are met. *See T.S.N.*, 547 S.W.3d at 620; *In re J.B.*, 564 S.W.3d at 439.

Article 55.01(a)(1)(A) of the Texas Code of Criminal Procedure permits a person to have all records and files relating to an arrest expunged if the person is tried and acquitted of the offense. TEX. CODE CRIM. PROC. ANN. art. 55.01(a)(1)(A). That statute contains an exception which prohibits a trial court from ordering the expunction of records—even if the person was acquitted— if the offense arose out of a criminal episode and the person was convicted of at least one other offense occurring during the criminal episode. *Id*. art. 55.01(c). Article 55.01(c) incorporates the definition of criminal episode from Texas Penal Code section 3.01. *Ex parte Rios*, No. 04-19-00149-CV, 2019 WL 4280082, at *2 (Tex. App.—San Antonio Sept. 11, 2019, no pet.). For that reason, we must construe both article 55.01(c) of the Texas Code of Criminal Procedure and section 3.01 of the Texas Penal Code to determine whether the trial court properly granted the expunction. *See id*.

"Statutes are to be analyzed as a cohesive, contextual whole with the goal of effectuating the Legislature's intent and employing the presumption that the Legislature intended a just and reasonable result." *T.S.N.*, 547 S.W.3d at 620 (internal quotation omitted). "Further, our analysis is limited to application of the plain meaning of the statutory language unless a different meaning is apparent from the context or the plain meaning leads to absurd or nonsensical results." *Id*. at 621

(internal quotation omitted). We also "operate under the presumption that the legislature chooses a statute's language with care, deciding to omit or include words purposefully." *In re J.B.*, 564 S.W.3d at 440.

Section 3.01(2) of the Texas Penal Code defines criminal episode as "the commission of two or more offenses, regardless of whether the harm is directed toward or inflicted upon more than one person or item of property," if "the offenses are the repeated commission of the same or similar offenses." TEX. PENAL CODE ANN. § 3.01(2). Section 3.01(2) does not impose a particular time frame within which the same or similar offenses must be repeated. *See Ex parte Rios*, 2019 WL 4280082, at *2; *In re J.B.*, 564 S.W.3d at 441; *Waddell v. State*, 456 S.W.3d 366, 369 (Tex. App.—Corpus Christi 2015, no pet.); *Baker v. State*, 107 S.W.3d 671, 673 (Tex. App.—San Antonio 2003, no pet.) (citing *Guidry v. State*, 909 S.W.2d 584, 585 (Tex. App.—Corpus Christi 1995, pet. ref'd) (section 3.01(2) does not impose time differential between commission of same or similar offenses)). "Had the Legislature wanted us to consider a time differential in the application of this section of the Code, it could have easily done so." *Guidry*, 909 S.W.2d at 585. In addition, section 3.01(2) does not require that the offenses be committed in the same or similar fashion—only that the offenses are the repeated commission of the same or similar offense. *Ex parte Rios*, 2019 WL 4280082, at *2; *see generally Duncan v. State*, No. 08-12-00328-CR, 2013 WL 5716179, at *2 (Tex. App.—El Paso Oct. 18, 2013, no pet.) (not designated for publication) ("To be characterized as a single criminal episode, multiple offenses occurring on different dates, in different places, and against several complainants must either: (1) be the same or similar; (2) share a common scheme or plan; or (3) have been repeated in a similar fashion.").

The 2017 offense for driving while intoxicated constitutes "the repeated commission of the same . . . offense" as the 2013 offense for driving while intoxicated for which R.A.L. was convicted. TEX. PENAL CODE § 3.01(2). The Legislature has declared that records from a

subsequent arrest for the repeated commission of the same offense are not available for expunction if the previous arrest resulted in a conviction. TEX. CODE CRIM. PROC. art. 55.01(c). For that reason, R.A.L.'s arrest record for the 2017 offense of driving while intoxicated is not available for expunction. Because we sustain the Department's first argument on appeal, we do not reach its second argument. *See* TEX. R. APP. P. 47.1 (requiring opinions to address only the issues necessary to final disposition of the appeal)

## CONCLUSION

We reverse the trial court's Order of Expunction, and render judgment denying the Petition for Expunction of Records.

Beth Watkins, Justice