

**IN THE**
**TENTH COURT OF APPEALS**

**No. 10-20-00053-CV**

**EX PARTE M.B.F.**

**From the 12th District Court**
**Walker County, Texas**
**Trial Court No. 1929296**

## OPINION

The Texas Department of Public Safety appeals the trial court's order granting the petition for expunction filed by M.B.F. The Department contends the trial court erred in granting the expunction because the 2007 driving while intoxicated offense for which M.B.F. was acquitted in 2008 constitutes the same "criminal episode" as a 2000 driving while intoxicated offense for which he was convicted. Because the trial court erred in granting the petition for expunction, we reverse the trial court's order and render judgment denying the petition.

**BACKGROUND**

M.B.F. was arrested in June of 2007 for driving while intoxicated, a second offense, and acquitted in November of 2008. Almost 11 years later, M.B.F. filed a petition for the

expunction of that offense. The Department filed a response asserting that M.B.F. was not entitled to an expunction because he had previously been convicted of driving while intoxicated, and since the 2000 and 2007 offenses are "the same or similar offenses," they constitute a criminal episode for which expunction is not available. Although the trial court had scheduled a hearing on the expunction, no hearing was held, and the trial court granted the petition for expunction.

**ISSUE ON APPEAL**

In its only issue on appeal, the Department contends M.B.F. is not entitled to an expunction of his acquitted DWI 2nd offense (the 2007 offense) under article 55.01(a)(1)(A) of the Texas Code of Criminal Procedure because he was convicted of a DWI offense (the 2000 offense) arising out of the same criminal episode as the offense for which he was acquitted. *See* TEX. CODE. CRIM. PROC. art. 55.01(a)(1)(A), (c). Although requested by the Court to file a brief responding to the Department's issue, M.B.F. did not file a brief.

There is no precedent from this Court regarding the Department's issue. However, other courts of appeals, such as the San Antonio Court of Appeals, have addressed this same issue and have agreed with the Department's position. After reviewing that Court's opinions, we agree with and adopt the reasoning and disposition of the issue by the San Antonio Court of Appeals.[1]

---

[1] We realize that two courts of appeals have disagreed with the Department's position, each for different reasons. *See Ex parte Ferris*, 613 S.W.3d 276 (Tex. App.—Dallas 2020, pet. granted); *Ex parte K.T.*, 612 S.W.3d 111 (Tex. App.—Fort Worth 2020, pet. granted). Petitions for Review of those opinions have been granted by the Texas Supreme Court and argument has already occurred. We decline to follow those Court of Appeals' decisions.

## STANDARD OF REVIEW

A trial court's ruling on a petition for expunction is generally reviewed for abuse of discretion, but a trial court has no discretion in deciding what the law is or in applying it to the facts. *State v. T.S.N.*, 547 S.W.3d 617, 620 (Tex. 2018). When a trial court's expunction ruling turns on a question of law such as statutory construction, it is subject to de novo review. *Id.* Here, the trial court's expunction ruling involves the interpretation and application of article 55.01(c) of the expunction statute. *See id.*; *In re Expunction of J.B.*, 564 S.W.3d 436, 439 (Tex. App.—El Paso 2016, no pet.). Consequently, we review the trial court's ruling de novo. *See T.S.N.*, 547 S.W.3d at 620.

## LAW AND APPLICATION

Expunction statutes permit the expunction of records of wrongful arrests. *Harris Cty. Dist. Attorney's Office v. J.T.S.*, 807 S.W.2d 572, 574 (Tex. 1991). Expunction is not a right, but a statutory privilege. *In re State Bar of Tex.*, 440 S.W.3d 621, 624 (Tex. 2014). As such, the petitioner bears the burden of establishing that all of the statutory conditions or requirements are met. *See T.S.N.*, 547 S.W.3d at 620; *In re Expunction of J.B.*, 564 S.W.3d at 439.

Article 55.01(a)(1)(A) of the Texas Code of Criminal Procedure permits a person to have all records and files related to the person's arrest expunged if the person is tried and acquitted of the offense. TEX. CODE CRIM. PROC. art. 55.01(a)(1)(A). Subsection (c), however, prohibits a trial court from ordering an expunction of records, even if the person was acquitted, if the offense arose out of a criminal episode, as defined by section 3.01 of the Texas Penal Code, and the person was convicted of at least one other offense

occurring during the criminal episode. *Id*. (c). Because subsection (c) incorporates the Texas Penal Code's definition of "criminal episode," we construe both article 55.01(c) and section 3.01 in determining whether the trial court properly granted the expunction petition. *Ex parte R.A.L.*, No. 04-19-00479-CV, 2020 Tex. App. LEXIS 987, at *4 (Tex. App.—San Antonio Feb. 5, 2020, pet. denied) (mem. op.); *Ex parte Rios*, No. 04-19-00149-CV, 2019 Tex. App. LEXIS 8219, at *4 (Tex. App.—San Antonio Sep. 11, 2019, no pet.) (mem. op.).

"Statutes are to be analyzed as a cohesive, contextual whole with the goal of effectuating the Legislature's intent and employing the presumption that the Legislature intended a just and reasonable result." *State v. T.S.N.*, 547 S.W.3d 617, 620 (Tex. 2018) internal quotation omitted); *see* TEX. GOV'T CODE § 312.005. We apply the plain meaning of the statutory language unless a different meaning is apparent from the context or the plain meaning leads to absurd or nonsensical results. *Id*. at 621; *Molinet v. Kimbrell*, 356 S.W.3d 407, 411 (Tex. 2011). We presume the legislature chose a statute's language with care, deciding to omit or include words purposefully. *In the Interest of M.N.*, 262 S.W.3d 799, 802 (Tex. 2008); *In re Expunction of J.B.*, 564 S.W.3d 436, 440 (Tex. App.—El Paso 2016, no pet.).

Section 3.01(2) of the Texas Penal Code defines criminal episode as "the commission of two or more offenses, regardless of whether the harm is directed toward or inflicted upon more than one person or item of property," if "the offenses are the repeated commission of the same or similar offenses." TEX. PENAL CODE § 3.01(2). It does not impose a particular time frame within which the same or similar offenses must be

repeated. *See Guidry v. State*, 909 S.W.2d 584, 585 (Tex. App.—Corpus Christi 1995, pet. ref'd); *In re Expunction of J.B.*, 564 S.W.3d 436, 441 (Tex. App.—El Paso 2016, no pet.). *See also Ex parte R.A.L.*, No. 04-19-00479-CV, 2020 Tex. App. LEXIS 987, at *5 (Tex. App.—San Antonio Feb. 5, 2020, pet. ref'd) (mem. op.). "Had the Legislature wanted us to consider a time differential in the application of this section of the Code, it could have easily done so." *Guidry*, 909 S.W.2d at 585. Additionally, section 3.01(2) does not require that offenses be committed in the same or similar fashion—only that the offenses are the repeated commission of the same or similar offense. *Ex parte R.A.L.*, No. 04-19-00479-CV, 2020 Tex. App. LEXIS 987, at *5.

After reviewing the statutes and caselaw, we agree with the Department that the acquitted 2007 offense for driving while intoxicated constitutes "the repeated commission of the same . . . offense" as the 2000 offense for driving while intoxicated for which M.B.F. was convicted. *See* TEX. PENAL CODE § 3.01(2). Thus, M.B.F.'s arrest record for the 2007 offense of driving while intoxicated is not available for expunction. *See* TEX. CODE CRIM. PROC. art. 55.01(c).

The Legislature has determined that records from a subsequent arrest for the repeated commission of the same or similar offense are not available for expunction if the previous arrest resulted in a conviction. That is its prerogative. If it no longer agrees with its prior determination, it may change the statutory provisions.

Accordingly, the trial court erred in granting the petition for expunction, and the Department's sole issue is sustained.

**CONCLUSION**

Having sustained the Department's sole issue on appeal, we reverse the trial court's Order of Expunction and render judgment denying M.B.F's Petition for Expunction. Further, we ORDER all documents that were turned over to the trial court or M.B.F. be returned to the submitting agencies.


TOM GRAY
Chief Justice

Before Chief Justice Gray,
      Justice Johnson, and
      Justice Smith
Reversed and rendered
Opinion delivered and filed February 23, 2022
[CV06]

