# Supreme Court of Texas

### No. 20-0977

### Ex parte K.T.

On Petition for Review from the
Court of Appeals for the Second District of Texas

*~ consolidated for oral argument with ~*

### No. 21-0075

### Ex parte C.F.

On Petition for Review from the
Court of Appeals for the Fifth District of Texas

JUSTICE BOYD, dissenting.

In each of these two otherwise unrelated cases, the respondents were arrested and convicted of driving while intoxicated and then, more than three years later, were again arrested for driving while intoxicated but were tried and acquitted. The Court holds that article 55.01(a)(1)(A)

of the Texas Code of Criminal Procedure entitles the respondents to have the records of their second DWI arrest expunged, and that article 55.01(c)'s exception to expungement does not apply. Because the Court's construction renders half of article 55.01(c) meaningless, I disagree and respectfully dissent.

Article 55.01(a)(1)(A) entitles a person who is arrested "for the commission of" a criminal offense to have the arrest records expunged if the person is tried and acquitted. TEX. CODE CRIM. PROC. art. 55.01(a)(1)(A).[1] Under the exception in article 55.01(c), however, expunction is not available if:

> (1) the offense for which the person was acquitted arose out of a criminal episode, as defined by Section 3.01, Penal Code, and
>
> (2) the person was convicted of or remains subject to prosecution for at least one other offense occurring during the criminal episode.

*Id.* art. 55.01(c).

Section 3.01 of the Penal Code defines "criminal episode" to include "the commission of two or more offenses" if "the offenses are the repeated commission of the same or similar offenses." TEX. PENAL CODE § 3.01(2).[2] Substituting section 3.01(2)'s definition for the phrase

---

[1] Article 55.01 also permits expunction if the person is convicted but pardoned or—under certain circumstances—the person is released and the charge is dismissed. TEX. CODE CRIM. PROC. art. 55.01(a)(1)(B), (a)(2).

[2] A "criminal episode" also includes the "commission of two or more offenses" if "the offenses are committed pursuant to the same transaction or pursuant to two or more transactions that are connected or constitute a common scheme or plan." TEX. PENAL CODE § 3.01(1).

"criminal episode" in article 55.01(c)'s exception, a person who is arrested for the commission of a crime but acquitted cannot have the arrest records expunged if:

> (1) the offense for which the person was acquitted arose out of [the repeated commission of two or more same or similar offenses], and
> (2) the person was convicted of or remains subject to prosecution for at least one other offense occurring during [the repeated commission of two or more same or similar offenses].

TEX. CODE CRIM. PROC. art. 55.01(c); TEX. PENAL CODE § 3.01(2).

Focusing on the exception's first requirement, the Court construes the term "commission" to mean that the person was convicted of or remains subject to prosecution for the offense. *Ante* at ___. Incorporating the Court's construction into article 55.01(c)'s exception, the exception's first requirement is satisfied only if:

> the offense for which the person was acquitted arose out of the repeated "commission" of two or more same or similar offenses for which the person was convicted or remains subject to prosecution.

In other words, according to the Court, a criminal episode exists, article 55.01(c)'s exception applies, and expunction is unavailable only if the person was accused of committing at least three separate same or similar offenses, the person was acquitted on one, and the person was convicted or remains subject to prosecution for the other two. *Ante* at ___. Here, because the respondents were convicted of or remain subject to prosecution for *only one* DWI offense, the Court holds that a criminal

3

episode never existed and the exception's first requirement is not satisfied. *Ante* at ___.

But the Court's construction of the exception's first requirement renders the exception's second requirement nonsensical and meaningless. As explained, the exception's second requirement, incorporating section 3.01(2)'s definition of "criminal episode," requires that:

> the person was convicted of or remains subject to prosecution for *at least one other offense* occurring during [the repeated commission of two or more same or similar offenses].

TEX. CODE CRIM. PROC. art. 55.01(c) (emphasis added); TEX. PENAL CODE § 3.01(2). Under the Court's construction of the term "commission," the exception's second requirement requires that:

> the person *was convicted of or remains subject to prosecution for at least one* other offense occurring during the repeated commission of *two or more* same or similar offenses *for which the person was convicted or remains subject to prosecution*.

Of course, if the person was convicted of or remains subject to prosecution for "two or more" same or similar offenses (and thus a criminal episode exists under the Court's construction of the exception's first requirement), then it will always be the case that (as the second requirement requires) the person was convicted of or remains subject to prosecution for "at least one" other offense that occurred during the commission of two same or similar offenses. The Court's construction renders article 55.01(c)'s second requirement meaningless. *See In re CenterPoint Energy Hous. Elec., LLC*, 629 S.W.3d 149, 159 (Tex. 2021)

4

(stating courts "must give effect to all words of a statute and not treat any language as surplusage").

For this reason, almost every court of appeals that has addressed the issue has rejected the Court's construction of the term "commission" and held instead that a criminal episode exists when a person is acquitted for the same or similar offense for which the person was on at least one occasion previously convicted. *See In re J.D.R.*, No. 01-20-00161-CV, 2022 WL 551276, at *5 (Tex. App.—Houston [1st Dist.] Feb. 24, 2022, no pet.) (holding article 55.01(c)'s exception applied to defendant's 2014 acquittal for sexual assault of a child because he remained subject to prosecution for one earlier offense of indecency with a child by contact); *Ex parte M.B.F.*, No. 10-20-00053-CV, 2022 WL 555019, at *3 (Tex. App.—Waco Feb. 23, 2022, no pet.) (holding exception applied to defendant's 2007 acquittal for DWI because defendant was once convicted of DWI in 2000); *In re T.D.N.*, 620 S.W.3d 433, 442–43 (Tex. App.—El Paso 2020, pet. denied) (holding exception applied to offense for which defendant was acquitted because defendant was previously convicted of one same or similar offense); *In re M.T.R.*, 606 S.W.3d 288, 293–94 (Tex. App.—Houston [1st Dist.] 2020, no pet.) (holding exception applied to defendant's 2015 DWI acquittal because defendant was once convicted of boating while intoxicated in 2012); *Ex parte R.A.L.*, No. 04-19-00479-CV, 2020 WL 557542, at *2 (Tex. App.—San Antonio 2020, pet. denied) (same, involving two DWI offenses); *Ex parte J.A.B.*, 592 S.W.3d 165, 169 (Tex. App.—San Antonio 2019, no pet.) (holding exception applied to defendant's 2016 acquittal for assault of a public servant because defendant was convicted of the same offense

in 2010); *Ex parte Rios*, No. 04-19-00149-CV, 2019 WL 4280082, at *3 (Tex. App.—San Antonio 2019, no pet.) (same, involving two DWI offenses); *In re Expunction of J.B.*, 564 S.W.3d 436, 441 (Tex. App.—El Paso 2016, no pet.) (holding exception applied to defendant's acquittal for aggravated assault because defendant remained subject to prosecution for one retaliation offense).

As the El Paso court explained in *T.D.N.*, because article 55.01(c) requires only that the person was convicted of or remains subject to prosecution for *at least one other offense*, "the very provision" of article 55.01(c) "that adopts the definition of a 'criminal episode' also allows for a single conviction, or even the possibility of conviction, to block an expunction." 620 S.W.3d at 443. So to construe the exception to require that the defendant be convicted of or still subject to prosecution for "two or more" same or similar offenses, "we would have to ignore" the language in the exception's second requirement. *Id.*

To be fair, the Court does not completely "ignore" the exception's second requirement of "at least one" conviction. Instead, it suggests that perhaps the legislature included the requirement as a "backstop" to implement a "belt-and-suspenders" approach to ensure that "at least one" conviction will be required *in case someday* the legislature amends section 3.01(2)'s definition of "criminal episode" or a court construes that definition differently than the Court construes it today. *Ante* at ___. I find that view of the legislative process implausible at best. And in any event, at least unless and until the legislature amends section 3.01(2), the construction of article 55.01(c) the Court adopts today renders the exception's second requirement *presently* nonsensical and meaningless.

6

I would instead construe the statutes' language together and conclude that an arrest "for the *commission*" of an offense, as article 55.01(a)(1)(A) uses that phrase, refers to the "commission" of one of "two or more" same or similar offenses that constitute a "criminal episode" under section 3.01(2). Under article 55.01(c)'s exception, a person who is acquitted of the "commission" of the offense may not have the arrest records expunged if the person was convicted of or remains subject to prosecution for "at least one other offense occurring during [the repeated commission of two or more same or similar offenses]." TEX. CODE CRIM. PROC. art. 55.01(c); TEX. PENAL CODE § 3.01(2).

Finally, the Court declines to resolve the issue of whether two arrests for the same or similar offenses may be so far apart in time that they cannot be considered part of a single criminal episode. *Ante* at ___. I would reach the issue and reject this temporal limitation based on the statutes' plain language. Section 3.01 defines "criminal episode" as "the commission of two or more offenses" if (1) "the offenses are committed pursuant to the same transaction or pursuant to two or more transactions that are connected or constitute a common scheme or plan," *or* (2) "the offenses are the repeated commission of the same or similar offenses." TEX. PENAL CODE § 3.01. Here, the respondents were arrested for the commission of two "same or similar" offenses, so they need not have been committed "pursuant to the same transaction" or as part of "a common scheme or plan." And section 3.01(2) does not impose any temporal, geographical, or other limitations, besides the requirement that they be the "same or similar" offenses. *See T.D.N.*, 620 S.W.3d at 439 ("[T]he legislature has imposed no requirement in Section 3.01(2)

7

that the two 'repeated' offenses must involve the same victim, be close in temporal or geographic proximity, or were committed in the same or similar fashion."); *see also Wilson v. State*, 448 S.W.3d 418, 424 (Tex. Crim. App. 2014) ("The communications' periodic frequency or the temporal relationship of each communication are characteristics that may further describe the communications' nature, but we do not find those characteristics necessary to the definition of repeated.").

I would therefore reverse the court of appeals' judgments affirming the respondents' expunctions in these cases. Because the Court does not, I respectfully dissent.

Jeffrey S. Boyd
Justice

**OPINION DELIVERED:** May 13, 2022

8