**IN the MATTER OF the EXPUNCTION OF M.T.**

**No. 08-14-00278-CV**

Court of Appeals of Texas, El Paso.

August 26, 2016

---

Thomas S. Hughes, El Paso, TX, for Appellee.

Amy Monsivais, Assistant County Attorney, El Paso, TX, for Appellant.

Before McClure, C.J., Rodriguez, and Hughes, JJ.

## OPINION

STEVEN L. HUGHES, Justice

The El Paso County Attorney's Office brings a restricted appeal from an expunction order following M.T.'s acquittal for murder. The County Attorney argues the trial court abused its discretion in granting the expunction, because (i) although M.T. was acquitted of murder, he was also found guilty on four counts of aggravated assault with a deadly weapon arising out of the same criminal episode, and (ii) because M.T. failed to provide notice to the State of his request for expunction. We reverse and render judgment that M.T. is not entitled to the expunction of the records and files relating to his murder arrest.

## BACKGROUND

M.T. was indicted under a single indictment for the murder of one individual and for the aggravated assaults with a deadly weapon of four other individuals, by strik-

ing them with a motor vehicle on July 8, 2012. A jury found M.T. not guilty of murder of the one individual, but guilty of aggravated assaults of the four other individuals. On May 5, 2014, the trial court signed an "Order of Expunction of Criminal Records," finding that M.T. was entitled to an expunction of all records and files relating to the murder offense "under Article 55.01(a)(1)(A) of the Texas Code of Criminal Procedure, because he was tried for the offense and was acquitted by a jury on April 11, 2014." On May 6, 2014, the trial court entered a judgment of acquittal on the murder charge and a judgment of conviction for aggravated assault with a deadly weapon. The El Paso County Attorney's Office, which was named in the expunction order as an entity that may have records and files subject to expunction, subsequently filed a notice of restricted appeal on October 8, 2014.

## DISCUSSION

### Standard of Review

We review a trial court's ruling on a petition for expunction under an abuse of discretion standard. *In re O.R.T.*, 414 S.W.3d 330, 332 (Tex.App.–El Paso 2013, no pet.); *In re C.F.P.*, 388 S.W.3d 326, 328 (Tex.App.–El Paso 2012, no pet.). A trial court abuses its discretion if it orders an expunction of records when all of the statutory requirements are not satisfied. *In re O.R.T.*, 414 S.W.3d at 332; *Travis County Dist. Attorney v. M.M.*, 354 S.W.3d 920, 923, 929 (Tex.App.–Austin 2011, no pet.); *Texas Dept. of Pub. Safety v. Fredricks*, 235 S.W.3d 275, 281 (Tex.App.–Corpus Christi 2007, no pet.). In other words, "a clear failure by the trial court to analyze or apply the law correctly will constitute an abuse of discretion." *In re H.E.B. Grocery Co., L.P.*, 492 S.W.3d 300, 302, 2016

WL 3157533, at *2 (Tex.2016) (orig. proceeding) (quoting *Walker v. Packer*, 827 S.W.2d 833, 840 (Tex.1992)); *In re Cisneros*, 487 S.W.3d 237, 241–42 (Tex.App.–El Paso 2015, orig. proceeding).

### Expunction

The right to expunction is neither a constitutional nor a common-law right, but rather a statutory privilege. *In re D.W.H.*, 458 S.W.3d 99, 104 (Tex.App.–El Paso 2014, no pet.); *In re O.R.T.*, 414 S.W.3d at 332–33. An expunction cannot be granted unless the statutory requirements are satisfied. *In re D.W.H.*, 458 S.W.3d at 104; *In re O.R.T.*, 414 S.W.3d at 333. Although the expunction statute is found in the Texas Code of Criminal Procedure, an expunction proceeding is civil rather than criminal in nature. *In re D.W.H.*, 458 S.W.3d at 104; *In re O.R.T.*, 414 S.W.3d at 333; *In re R.R.*, 342 S.W.3d 126, 129 (Tex. App.–El Paso 2011, no pet.). The burden to establish compliance with the statutory requirements rests with the petitioner. *In re D.W.H.*, 458 S.W.3d at 104; *In re O.R.T.*, 414 S.W.3d at 333.

### Restricted Appeal

We must first address whether the County Attorney may complain of the expunction order in a restricted appeal.[1] To successfully attack an order by restricted appeal, the appealing party must show: (1) it filed a notice of restricted appeal within six months after the order was signed; (2) it was a party to the underlying lawsuit; (3) it did not participate either in person or through counsel in the hearing that resulted in the order complained of, and did not timely file any post-judgment motions or requests for findings of fact and conclusions of law; and (4) error is apparent on the face of the record. *Pike-Grant v. Grant*, 447 S.W.3d 884, 886 (Tex.

---

1. M.T. did not favor the Court with a brief in this appeal.

2014); TEX. R. APP. P. 30; *see also* TEX. R. APP. P. 26.1(c).

The trial court signed the expunction order on May 5, 2014 and the County Attorney filed its notice of restricted appeal on October 8, 2014, within the six-month deadline set by Rule 26.1(c). TEX. R. APP. P. 26.1(c) ("in a restricted appeal, the notice of appeal must be filed within six months after the judgment or order is signed"). The County Attorney was also considered a party entitled to appeal the expunction order. An agency protesting an expunction order may appeal the judge's decision in the same manner as in other civil cases. TEX. CODE CRIM. PROC. ANN. art. 55.02, § 3(a) (West Supp. 2016). The County Attorney was named in the expunction order as an agency or entity that may have records or files subject to expunction. *See id.* at art. 55.02, §§ 1, 2(b) (West Supp. 2016) (requiring a petitioner for expunction arising from an acquittal to provide certain information to the court, including a list of all agencies or entities that may have records or files subject to expunction). All agencies that may have records a petitioner wants expunged are entitled to notice and to be represented by counsel at an expunction hearing. *See id.* at art. 55.02, § 2(c, c–1) (West Supp.2016). As such, the County Attorney is considered a party entitled to a restricted appeal from the expunction order. *See Travis County Attorney v. L. C.*, No. 03–13–00702–CV, 2015 WL 2376060, at *2 (Tex.App.–Austin May 12, 2015, no pet.) (the county attorney was a party to the expunction entitled to a restricted appeal); *see also In re Expunction of D.G.*, 310 S.W.3d 465, 465 (Tex. App.–El Paso 2010, no pet.) (considering an appeal by the El Paso County Attorney's Office from an expunction order).

The record also demonstrates that the County Attorney did not participate in any hearing that resulted in the expunction order and did not timely file any post-judgment motions or request for findings of fact and conclusions of law. The record shows that M.T. filed a proposed order of expunction on May 5, 2014, the order was signed by the trial court on May 5, and the only notice given the County Attorney, if any, was notice of the expunction order itself, which was not issued until June 11, 2014, over thirty days after the trial court signed the expunction order. *See Pike–Grant*, 447 S.W.3d at 886 (non-participation requirement is to be liberally construed in favor of the right to a restricted appeal).

### Error on the Face of the Record

■ We next turn to whether error is apparent on the face of the record. The face of the record includes the reporter's record, if any, and the clerk's record. *See Pike–Grant*, 447 S.W.3d at 886–87. Any error must be apparent from the face of the record, not inferred from the record. *Gold v. Gold*, 145 S.W.3d 212, 213 (Tex. 2004).

■ We first address the notice argument. The County Attorney points out that a trial court can grant expunction following an acquittal only "after notice to the state[.]" TEX. CODE CRIM. PROC. ANN. art. 55.02, § 1 (West Supp. 2016). The County Attorney argues that the failure to comply with this statutory notice requirement invalidates the expunction order. *See Texas Dep't of Pub. Safety v. Soto*, 285 S.W.3d 542, 543–44 (Tex.App.–Corpus Christi–Edinburg 2009, no pet.) (the right to expunction is a statutory privilege, and the procedural provisions of Article 55.02, including the notice requirements, must be met for an expunction order to be sustained). To establish that the State did not receive the required notice, the County Attorney relies on the affidavits of the prosecutors who tried M.T.'s criminal case in which

they state they did not receive notice of M.T.'s request for expunction. These affidavits, however, are not part of the record on appeal, but rather are attached as exhibits in the appendix to the County Attorney's brief. We cannot consider these affidavits.

▉ We cannot consider documents attached to a brief as an exhibit or appendix, but not appearing in the appellate record, on appellate review. *Hogg v. Lynch, Chappell & Alsup, P.C.*, 480 S.W.3d 767, 773 (Tex.App.–El Paso 2015, no pet.). Further, we cannot consider extrinsic evidence of notice appearing outside the face of the record in a restricted appeal. *See Ginn v. Forrester*, 282 S.W.3d 430, 432–33 (Tex.2009) (per curiam) (affidavits filed for the first time in the appellate court averring that notice was neither given nor received constituted extrinsic evidence and did not support a restricted appeal). Moreover, while the face of the record is silent as to any notice being given to the State, the Texas Supreme Court has "clearly said that silence is not enough" to constitute error on the face of the record concerning lack of notice. *Ginn*, 282 S.W.3d at 433. Accordingly, we conclude the face of the record does not show that the State did not receive the statutorily-required notice, and that the expunction order cannot be reversed on that basis.

▉ The County Attorney next argues that expunction was improper because, although M.T. was acquitted of murder, he was also found guilty on four counts of aggravated assault with a deadly weapon arising out of the same criminal episode. The County Attorney acknowledges that Article 55.01(a)(1)(A) provides that a person who is tried and acquitted of an offense is entitled to have all records of his arrest for that offense expunged. TEX. CODE CRIM. PROC. ANN. art. 55.01(a)(1)(A) (West Supp. 2016). But, as the County

Attorney's Office points out, this statutory right to expunction upon acquittal is made expressly subject to Subsection (c) of Article 55.01. *Id.* (providing for the right to expunction upon acquittal "except as provided by Subsection (c)"). Subsection (c) of Article 55.01 provides in pertinent part that: "A court may not order the expunction of records and files relating to an arrest for an offense for which a person is subsequently acquitted . . . if the offense for which the person was acquitted arose out of a criminal episode, as defined by Section 3.01, Penal Code, and the person was convicted of . . . at least one other offense occurring during the criminal episode." *Id.* at art. 55.01(c) (West Supp. 2016). In turn, Section 3.01 of the Texas Penal Code defines "criminal episode" to include "the commission of two or more offenses, regardless of whether the harm is directed toward or inflicted upon more than one person . . . [when] the offenses are committed pursuant to the same transaction[.]" TEX. PENAL CODE ANN. § 3.01 (West 2011).

▉ Whether the County Attorney can prevail in its argument then comes down to whether the murder offense, on which M.T. was acquitted, was "committed pursuant to the same transaction" as the offenses for aggravated assault with a deadly weapon, on which he was found guilty. It is well settled that offenses are committed pursuant to the same transaction under Section 3.01 of the Penal Code when the offenses arise out of a single event or act or closely related events or acts. *See, e.g., Wright v. State*, 866 S.W.2d 747, 751 (Tex.App.–Eastland 1993, pet. ref'd) (involuntary manslaughter and intentionally causing injury to a child arose from a single criminal episode and were committed pursuant to the same transaction when both counts arose from a single incident causing the death of a single victim);

*Willeford v. State*, 72 S.W.3d 820, 826 (Tex. App.–Fort Worth 2002, pet. ref'd) (possession of methamphetamine with intent to deliver and possession of cocaine are two separate offenses properly joined together in a single indictment as part of the same transaction under Section 3.01 when the defendant was found to be in possession of the drugs around the same time); *Davenport v. State*, 466 S.W.3d 308, 314 (Tex. App.–Amarillo 2015, no pet.) (two separate offenses of aggravated assault on a peace officer occurred—the first when defendant struck the game warden's vehicle with his truck, and the second when he shined a bright light into the cab of the game warden's vehicle—and the time and distance between the first and second counts established that both were part of the same criminal episode).

■ But, again, the County Attorney attempts to show the murder offense and the aggravated assault offenses arose from the same criminal episode or transaction, in part, through exhibits attached to the appendix of its brief that are not part of the record on appeal.[2] As discussed above, we cannot consider these exhibits because they are not part of the record on appeal.

However, other evidence that is in the record on appeal demonstrates that the murder charge and the aggravated assault charges arose out of the same transaction or criminal episode. The record shows that M.T. was charged in a single indictment with the one count of murder and the four counts of aggravated assault. In this regard, the Code of Criminal Procedure provides: "Two or more offenses may be joined in a single indictment ... with each offense stated in a separate count, *if the offenses arise out of the same criminal episode, as defined in Chapter 3 of the Penal Code*." TEX. CODE CRIM. PROC. ANN. art. 21.24(a) (West 2009) (emphasis added). Thus, Article 21.24(a) of the Code of Criminal Procedure and Section 3.01 of the Penal Code allow the state to join two or more offenses in a single indictment only when the offenses are part of the same transaction. *Willeford*, 72 S.W.3d at 825. Further, the record shows that the murder offense and the aggravated assault offenses were tried together. A defendant may be prosecuted in a single trial for all offenses only if those offenses arise out of the same criminal episode. TEX. PENAL CODE ANN. § 3.02(a) (West 2011) (stating "[a] defendant may be prosecuted in a single criminal action for all offenses arising out of the same criminal episode"). The record also demonstrates that the jury was instructed to make a finding of guilty or not guilty in a separate verdict as to each count. When two or more offenses are consolidated for trial pursuant to Chapter 3 of the Penal Code, the jury, as they were here, must be instructed to return a finding of guilty or not guilty in a separate verdict as to each count and offense submitted to them. TEX. CODE CRIM. PROC. ANN. art. 37.07, § 1(c) (West Supp.2016). Finally, the record shows that all of the charges arose out of M.T. striking the victims with a motor vehicle on the same day, July 8, 2012.

When the factual and procedural background of the case is placed in the proper statutory perspective, it becomes clear from the face of the record that the murder offense, on which M.T. was acquitted, was committed pursuant to the same transaction and thus the same criminal episode as the offenses for aggravated assault with a deadly weapon, on which he was found guilty. Accordingly, the trial

---

**2.** These exhibits are complaint affidavits made by a police detective that state that on July 8, 2012, M.T. was involved in an argument with several persons following his ejection from a party, and then got into his vehicle and deliberately drove his vehicle into the five victims, killing one and causing serious injuries to the four others.

court was not authorized by the expunction statute to order expunction of the records and files concerning the murder arrest, and the trial court abused its discretion in doing so. We therefore sustain the County Attorney's sole issue on appeal.

**CONCLUSION**

We reverse the trial court's order of expunction and render judgment that M.T.

is not entitled to expunction of the records and files relating to his murder arrest.