**Opinion issued February 27, 2020**



In The

# Court of Appeals

For The

# First District of Texas

————————————

**NO. 01-18-00938-CV**

————————————

**IN RE THE EXPUNCTION OF M.T.R.**

---

**On Appeal from the 458th District Court**
**Fort Bend County, Texas**
**Trial Court Case No. 18-DCV-250887**

---

## O P I N I O N

Appellee, M.T.R., filed a petition for expunction, seeking an order to have all records of his 2015 arrest for driving while intoxicated (DWI) expunged. The trial court granted the expunction order. Appellant, the Texas Department of Public Safety (DPS), asserted, both in the trial court and now on appeal, that M.T.R. is not entitled to expunge the 2015 DWI arrest. Because we conclude that M.T.R. does not

meet the statutory criteria entitling him to expunction of the 2015 DWI arrest, we reverse the trial court's order and render judgment denying M.T.R.'s petition for expunction.

## Background

In 2012, M.T.R. was arrested in Montgomery County for boating while intoxicated (BWI).[1] He pleaded guilty to this offense, was convicted, and served his punishment of three days' confinement in the Montgomery County Jail and payment of a $1,400 fine.[2]

In October 2015, M.T.R. was arrested and charged with DWI as a second offense in Fort Bend County.[3] On April 12, 2018, a jury found M.T.R. not guilty of the DWI charge, resulting in his acquittal.[4]

On April 26, 2018, M.T.R. filed a petition for expunction, seeking to have all records of the 2015 DWI arrest expunged. His petition was verified and contained

---

[1]     *See* TEX. PENAL CODE § 49.06 (providing that person commits offense of BWI "if the person is intoxicated while operating a watercraft").

[2]     The BWI offense resulted in trial court cause number 12-278499 in Montgomery County Court at Law Number 4.

[3]     *See* TEX. PENAL CODE § 49.04(a) (providing that person commits offense of DWI "if the person is intoxicated while operating a motor vehicle in a public place").

[4]     The DWI offense was originally filed as cause number 15-CCR-183186 in Fort Bend County Court at Law No. 1, but the criminal information was amended and refiled as cause number 15-CCR-183186-A. M.T.R. was acquitted by the jury in 15-CCR-183186-A, and the Fort Bend County District Attorney's Office subsequently dismissed cause number 15-CCR-183186.

2

the information required by Code of Criminal Procedure article 55.02, governing the requirements for a petition for expunction.

DPS answered, asserting that M.T.R. "is barred from expunging records of [his] arrest [for the October 2015 DWI,] because [M.T.R.] was convicted of an offense arising out of the same criminal episode and none of the other requirements for expunction are met." DPS provided evidence in connection with its answer, including copies of the court records relevant to both the 2012 BWI conviction and the 2015 DWI arrest and acquittal.

Without holding an evidentiary hearing, the trial court granted M.T.R.'s expunction petition on September 26, 2018. DPS appealed.

## Expunction of Arrest

DPS asserts that M.T.R. is not entitled to exunge his 2015 DWI arrest under the relevant expunction statue.

### A.    Standard of Review

A trial court's ruling on a petition for expunction is reviewed for an abuse of discretion. *State v. T.S.N.*, 547 S.W.3d 617, 620 (Tex. 2018). Under this standard, we afford no deference to the trial court's legal determinations, recognizing that the trial court has no discretion in deciding what the law is or in applying it to the facts. *Id.* Thus, a trial court's legal conclusions are reviewed de novo. *Id.* When conducting our review, however, we may not substitute our judgment for that of the trial court

3

with respect to resolution of factual issues committed to the trial court's discretion. *In re A.G.*, 388 S.W.3d 759, 761 (Tex. App.—El Paso 2012, no pet.) (holding that trial court abuses its discretion if it acts arbitrarily or unreasonably without reference to guiding rules and principles of law).

When, as here, the trial court's ruling on the expunction request turns on a question of law because it requires the interpretation of statutes, the ruling is subject to de novo review. *See T.S.N.*, 547 S.W.3d at 620 (citing *City of Rockwall v. Hughes*, 246 S.W.3d 621, 625–26 (Tex. 2008) (stating that statutory construction is question of law)); *Ex parte J.A.B.*, — S.W.3d —, No. 04-19-00772-CV, 2019 WL 5405915, at *2 (Tex. App.—San Antonio Oct. 23, 2019, no pet.). "Statutes are to be analyzed as a cohesive, contextual whole with the goal of effectuating the Legislature's intent and employing the presumption that the Legislature intended a just and reasonable result." *T.S.N.*, 547 S.W.3d at 620 (internal quotation omitted); *Ex parte J.A.B.*, 2019 WL 5405915, at *2. "Further, our analysis is limited to application of the plain meaning of the statutory language unless a different meaning is apparent from the context or the plain meaning leads to absurd or nonsensical results." *T.S.N.*, 547 S.W.3d at 621 (internal quotation omitted); *Ex parte J.A.B.*, 2019 WL 5405915, at *2. "We also 'operate under the presumption that the legislature chooses a statute's language with care, deciding to omit or include words purposefully.'" *Ex parte*

*J.A.B.*, 2019 WL 5405915, at *2 (quoting *In re Expunction of J.B.*, 564 S.W.3d 436, 440 (Tex. App.—El Paso 2016, no pet.)).

"Expunction is not a right; it is a statutory privilege." *In re State Bar of Tex.*, 440 S.W.3d 621, 624 (Tex. 2014); *In re Expunction of M.T.*, 495 S.W.3d 617, 620 (Tex. App.—El Paso 2016, no pet.) (holding that right to expunction is neither constitutional nor common-law right, but rather, "a statutory privilege"). Thus, an expunction cannot be granted unless the statutory requirements are satisfied. *In re M.T.*, 495 S.W.3d at 620. An expunction proceeding is civil in nature, and, accordingly, the petitioner bears the burden of proving that all statutory requirements have been met. *See T.S.N.*, 547 S.W.3d at 620; *Ex parte J.A.B.*, 2019 WL 5405915, at *2.

**B.    Expunction Statute**

The statutory requirements for expunction are set out in Code of Criminal Procedure article 55.01. Relevant here, article 55.01(a) provides:

> A person who has been placed under a custodial or noncustodial arrest for commission of either a felony or misdemeanor is entitled to have all records and files relating to the arrest expunged if . . . the person is tried for the offense for which the person was arrested and is . . . acquitted by the trial court, except as  provided by Subsection (c)[.]

TEX. CODE CRIM. PROC. art. 55.01(a)(1)(A).

Subsection (c) provides an exception to the general provision permitting expunction of records following an acquittal. *See id.* art. 55.01(c). Article 55.01(c) provides:

> A court may not order the expunction of records and files relating to an arrest for an offense for which a person is subsequently acquitted, whether by the trial court, a court of appeals, or the court of criminal appeals, if the offense for which the person was acquitted arose out of a criminal episode, as defined by Section 3.01, Penal Code, and the person was convicted of or remains subject to prosecution for at least one other offense occurring during the criminal episode.

*Id.* "Criminal episode," as defined by Penal Code section 3.01, means:

> the commission of two or more offenses, regardless of whether the harm is directed toward or inflicted upon more than one person or item of property, under the following circumstances:
>
> > (1) the offenses are committed pursuant to the same transaction or pursuant to two or more transactions that are connected or constitute a common scheme or plan; or
> >
> > (2) the offenses are the repeated commission of the same or similar offenses.

TEX. PENAL CODE § 3.01.

## C. Analysis

DPS argues, in relevant part, that M.T.R. was not entitled to expunction of the 2015 DWI arrest. DPS asserts that M.T.R.'s 2012 BWI conviction and his 2015 DWI arrest meet Penal Code section 3.01(2)'s definition for being part of the same criminal episode because the offenses "are the repeated commission of the same or similar offense." Thus, DPS argues that, pursuant to Code of Criminal Procedure

6

article 55.01(c)'s exception, the trial court could not expunge M.T.R.'s records relating to the 2015 DWI arrest—even though he was subsequently acquitted— because the 2015 DWI arrest "arose out of a criminal episode" involving the commission of a similar offense to the 2012 BWI conviction. We agree with DPS.

Penal Code section 3.01(2)'s plain language defines "criminal episode" as including "the commission of two or more offenses, regardless of whether the harm is directed toward or inflicted upon more than one person or item of property," when "the offenses are the repeated commission of the same or similar offenses." TEX. PENAL CODE § 3.01(2). As our sister court has observed in addressing this same argument by DPS, "Section 3.01(2) does not impose a particular time frame within which the same or similar offenses must be repeated." *Ex parte J.A.B.*, 2019 WL 5405915, at *3. Similarly, other courts of appeals have "already established that a criminal episode may include multiple arrests or transactions." *In re J.B.*, 564 S.W.3d at 440–41 (citing TEX. PENAL CODE § 3.01 and *Ingram v. State*, No. 09-10-00346-CV, 2011 WL 5299475, at *3 (Tex. App.—Beaumont, Nov. 3. 2011, pet. denied) (mem. op. on reh'g)); *see also Guidry v. State*, 909 S.W.2d 584, 585 (Tex. App.—Corpus Christi 1995, pet. ref'd) (holding that Penal Code section 3.01(2) does not impose time differential between commission of same or similar offenses). "Had the Legislature wanted us to consider a time differential in the application of

7

this section of the Code, it could easily have done so." *Ex parte J.A.B.*, 2019 WL 5405915, at \*3; *In re J.B.*, 564 S.W.3d at 441; *Guidry*, 909 S.W.2d at 585.

Nor does section 3.01(2) require that the offenses be committed within a certain geographic location or jurisdiction or "that the offenses be committed in the same or similar fashion—[it requires] only that the offenses are the repeated commission of the same or similar offense." *Ex parte J.A.B.*, 2019 WL 5405915, at \*3; *see* TEX. PENAL CODE § 3.01(2). We presume that the Legislature chose this statutory language with care and that its decision to omit language imposing a time frame or other limitations on the definition of a criminal episode was purposeful. *See In re J.B.*, 564 S.W.3d at 440.

Analyzing this statute "as a cohesive, contextual whole with the goal of effectuating the Legislature's intent," we conclude that the plain meaning of section 3.01(2)'s and article 55.01(c)'s statutory language is to prohibit courts from expunging records, even if the person was acquitted, if the acquittal arose out of a criminal episode—i.e., if it was a "repeated commission of the same or similar offense" to one for which the petitioner was convicted. *See* TEX. PENAL CODE § 3.01(2); TEX. CODE CRIM. PROC. art. 55.01(c); *see T.S.N.*, 547 S.W.3d at 620 (discussing principles of statutory construction). This interpretation effectuates the Legislature's apparent intent and does not lead to an absurd or nonsensical result, particularly in light of the fact that expunction is a statutory right. *See T.S.N.*, 547

S.W.3d at 621; *In re State Bar of Tex.*, 440 S.W.3d at 624 ("Expunction is not a right; it is a statutory privilege."); *In re M.T.*, 495 S.W.3d at 620 (holding that right to expunction is neither constitutional nor common-law right, but rather, "a statutory privilege"); *see also Ex parte J.A.B.*, 2019 WL 5405915, at *4 (Martinez, J., concurring) (stating that construing section 3.01(2) in this way "is not absurd because expunction is a statutory privilege" and is "statutorily constrained," while also acknowledging that it is "overly harsh" and requesting that Legislature "revisit its adoption of the Penal Code definition of 'criminal episode' in the expunction statute" in order to "reorient the expunction statute back to its original intent" of allowing records of wrongful arrests to be subject to expunction).

M.T.R. argues that his 2012 BWI conviction and 2015 DWI arrest were not part of the same criminal episode as defined in Penal Code section 3.01(2) and adopted by article 55.01(c) because the underlying arrests occurred in different years and in different counties. As discussed above, however, Penal Code section 3.01(2) does not define "criminal episode" in terms of temporal or geographic distance. *Compare* TEX. PENAL CODE § 3.01(1) (defining criminal episode as including offenses occurring in "the same transaction or pursuant to two or more transactions that are connected or constitute a common scheme or plan"), *with id.* § 3.01(2) (defining criminal episode as "the repeated commission of the same or similar offenses").

M.T.R. also cites this court to the Texas Supreme Court's opinion in *T.S.N.*, in which the court held that a petitioner was entitled to expunction of records related to an aggravated assault charge for which she was acquitted. 547 S.W.3d at 618–19 (affirming expunction of T.S.N.'s 2013 assault charge even though she was "simultaneously arrested" for earlier 2010 theft charge to which she pleaded guilty). The court in *T.S.N.* did not consider whether article 55.01(c) applied to T.S.N.'s petition for expunction, nor did it construe Penal Code section 3.01's definition of "criminal episode." *See id.* at 621–23. Thus, *T.S.N.* is factually and legally distinguishable from this case. M.T.R.'s attempt to rely on other cases applying the definition of "criminal episode" in the context of whether certain prosecutions may be consolidated or whether a convicted defendant's sentences can run consecutively are likewise unavailing.

M.T.R.'s 2015 DWI arrest constitutes "the repeated commission of the same or similar offense" as his 2012 BWI conviction. *See* TEX. PENAL CODE § 3.01(2); *Ex parte Rios*, No. 04-19-00149-CV, 2019 WL 4280082, at *2–3 (Tex. App.—San Antonio Sept. 11, 2019, no pet.) (mem. op.) (holding that petitioner was not entitled to expunction of DWI arrest due to prior DWI conviction); *compare* TEX. PENAL CODE § 49.04 (providing that person commits offense of DWI "if the person is intoxicated while operating a motor vehicle in a public place"), *with id.* § 49.06 (providing that person commits offense of BWI "if the person is intoxicated while

10

operating a watercraft"). Accordingly, article 55.01(c) prohibits the expunction of M.T.R.'s 2015 DWI arrest records. *See* TEX. CODE CRIM. PROC. art. 55.01(c) (prohibiting trial courts from ordering expunction of records, even if person is acquitted, if offense arose out of "criminal episode" as defined in Penal Code section 3.01 and person was convicted of at least one other offense occurring during that criminal episode).

We sustain DPS's issue asserting that M.T.R. is not entitled to an expunction under the relevant statutory provisions.[5]

## Conclusion

We reverse the trial court's expunction order and render judgment denying M.T.R.'s petition for expunction of the records related to his 2015 DWI arrest.

Richard Hightower
Justice

Panel consists of Justices Keyes, Lloyd, and Hightower.

---

[5] Because we reverse and render on this issue, we need not address DPS remaining complaints on appeal.

11