**In The**

*Court of Appeals*

*Ninth District of Texas at Beaumont*

_____

**NO. 09-20-00060-CV**
_____

**JOHN DOUGLAS MITCHELL JR., Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

_____

**On Appeal from the 163rd District Court**
**Orange County, Texas**
**Trial Cause No. B200042-C**
_____

**MEMORANDUM OPINION**

Pro se Appellant John Douglas Mitchell Jr. appeals the trial court's denial of his petition for expunction of records relating to his 2004 indictment for aggravated sexual assault. In a single issue, Mitchell argues that the trial court erred in denying his petition for expunction and that the trial court erred by failing to conduct a hearing on his petition for expunction as required by article 55.02 of the Code of Criminal Procedure. We affirm.

1

In January 2020, Mitchell filed a Petition for Expunction of Records alleging that he was indicted in 2004 for aggravated sexual assault and tried in the 163rd District Court of Orange County, Texas in cause number B-040383-R. This Court previously issued an opinion in Mitchell's appeal from his criminal trial and conviction. *See generally Mitchell v. State*, No. 09-05-316-CR, 2006 Tex. App. LEXIS 9713 (Tex. App.—Beaumont Nov. 8, 2006, pet. ref'd) (mem. op., not designated for publication) (*Mitchell I*). We take judicial notice of the appellate record in *Mitchell I*, and we briefly reference the facts from *Mitchell I* as necessary to the issue before us in this appeal.[1] Mitchell was indicted on three counts of sexual assault against the same victim, A.R., a child younger than the age of fourteen. *See id.* at **2-3. In the criminal trial, the jury convicted Mitchell on count two of the indictment—aggravated sexual assault of a child—and assessed punishment at ninety-nine years of confinement. *See id.* at *1-2. Mitchell appealed his conviction, and we affirmed the conviction and judgment. *See id.* at *22.

Mitchell's petition for expunction alleged that he was charged with "aggravated sexual assault" and he alleged that he was acquitted on counts one and

---

[1] A court may take judicial notice of its own records in a cause involving the same subject matter between the same (or practically the same) parties. *See Gardner v. Martin*, 345 S.W.2d 274, 276 (Tex. 1961); *Reynolds v. State*, 548 S.W.2d 733, 734 n.1 (Tex. Crim. App. 1977); *Staten v. State*, 328 S.W.3d 901, 903 n.1 (Tex. App.—Beaumont 2010, no pet.).

three. [2] In his petition, Mitchell argued that under article 55.02, § 3(a) of the Code of Criminal Procedure, he was entitled to expunction of the charges on counts one and three because he was acquitted of those charges. *See* Tex. Code Crim. Proc. Ann. art. 55.02, § 3(a). Mitchell also filed a motion for a bench warrant the same day he filed his petition. On February 4, 2020, the trial court denied Mitchell's petition and his motion for a bench warrant, and Mitchell appealed.

Applicable Law

Expunction proceedings are authorized by Chapter 55 of the Texas Code of Criminal Procedure and are considered civil actions. *See* Tex. Code Crim. Proc. Ann. art. 55.01; *State v. T.S.N.*, 547 S.W.3d 617, 619 (Tex. 2018). The movant in the petition for expunction bears the burden of proof and must satisfy each statutory element for expunction. *See Tex. Dep't of Pub. Safety v. J.A.G. Jr.*, No. 09-19-00085-CV, 2020 Tex. App. LEXIS 199, at *4 (Tex. App.—Beaumont Jan. 9, 2020, no pet.) (mem. op.) (citing *Collin Cty. Criminal Dist. Att'y's Office v. Dobson*, 167 S.W.3d 625, 626 (Tex. App.—Dallas 2005, no pet.); *Hous. Police Dep't v. Berkowitz*, 95 S.W.3d 457, 460 (Tex. App.—Houston [1st Dist.] 2002, pet. denied)); *Heine v. Tex. Dep't of Pub. Safety*, 92 S.W.3d 642, 646 (Tex. App.—Austin 2002, pet. denied).

---

[2] We use initials to refer to the victim. *See* Tex. Const. art. I, § 30(a)(1) (granting crime victims "the right to be treated with fairness and with respect for the victim's dignity and privacy throughout the criminal justice process").

Mitchell filed a pro se petition for expunction, and he is pro se on appeal. We hold a pro se litigant to the same standards as licensed attorneys. *See Strange v. Cont'l Cas. Co.*, 126 S.W.3d 676, 677 (Tex. App.—Dallas 2004, pet. denied); *In re Office of Att'y Gen. of Tex.*, 193 S.W.3d 690, 693-94 (Tex. App.—Beaumont 2006, orig. proceeding); *see also Mansfield State Bank v. Cohn*, 573 S.W.2d 181, 184-85 (Tex. 1978) ("There cannot be two sets of procedural rules, one for litigants with counsel and the other for litigants representing themselves.").

We review a trial court's ruling on a petition for expunction under an abuse of discretion standard. *See T.S.N.*, 547 S.W.3d at 620 (citing *Heine*, 92 S.W.3d at 646. A trial court errs if it rules on a petition for expunction without holding a hearing when a hearing is required. *See Ex parte Wilson*, 224 S.W.3d 860, 863 (Tex. App.—Texarkana 2007, no pet.). Article 55.02, § 2(c) provides that "[t]he trial court shall set a hearing on the matter no sooner than thirty days from the filing of the petition and shall give to each official or agency or other governmental entity named in the petition reasonable notice of the hearing[.]" Tex. Crim. Proc. Code Ann. art. 55.02, § 2(c). While a prisoner has a constitutional right of access to the courts, prisoners have no absolute right to appear personally at civil proceedings. *In re M.M.*, 980 S.W.2d 699, 701 (Tex. App.—San Antonio 1998, no pet.) (citing *Bounds v. Smith*, 430 U.S. 817, 820 (1977); *Nance v. Nance*, 904 S.W.2d 890, 892 (Tex. App.—Corpus Christi 1995, no writ)).

4

"A 'hearing' does not necessarily contemplate a personal appearance before the court or an oral presentation to the court." *Cire v. Cummings*, 134 S.W.3d 835, 844 (Tex. 2004); *Gulf Coast Inv. Corp. v. Nasa 1 Bus. Ctr.*, 754 S.W.2d 152, 153 (Tex. 1988) (explaining that not every hearing called for under every rule of civil procedure necessarily requires an oral hearing, unless required by the express language or the context of the particular rule). A trial court may rule on an expunction petition without conducting a formal hearing and without the consideration of live testimony, if it has all the information it needs to resolve the issues raised by the petition. *See Wilson*, 224 S.W.3d at 863. The information might be available by a review of the pleadings or by judicially noticing court records. *See id.* (citing *Ex parte Current*, 877 S.W.2d 833, 839-40 (Tex. App.—Waco 1994, no writ)); *see also* Tex. R. Evid. 201 (providing for judicial notice of adjudicative facts). If the matter presented addresses only an issue of law and can be determined by the record alone, a court may rule without holding any evidentiary hearing provided it gives all parties the opportunity to present argument and evidence through written materials. *See* Tex. R. Evid. 201; *Current*, 877 S.W.2d at 839-40 (concluding that the trial court properly ruled on the petition for expunction without holding a hearing because all the facts necessary to determine the issue were available to the court). "[T]o the extent a ruling on an expunction petition turns on a question of law, we review the ruling de novo because a trial court has no discretion in determining what

5

the law is or applying the law to the facts." *Tex. Dep't of Pub. Safety v. Ibarra*, 444

S.W.3d 735, 738 (Tex. App.—Corpus Christi 2014, pet. denied); *see also T.S.N.*,

547 S.W.3d at 620.

Under article 55.01(a)(2) of the Texas Code of Criminal Procedure, a person

who has been arrested is entitled to have all records and files relating to the arrest

expunged if the person has been released and the charge has not resulted in a final

conviction and there was no court-ordered community supervision for the offense.

Tex. Code Crim. Proc. Ann. art. 55.01(a)(2). Article 55.01(c) provides an exception

whereby:

> A court may not order the expunction of records and files relating to an arrest for an offense for which a person is subsequently acquitted, whether by the trial court, a court of appeals, or the court of criminal appeals, if the offense for which the person was acquitted arose out of a criminal episode, as defined by Section 3.01, Penal Code, and the person was convicted of or remains subject to prosecution for at least one other offense occurring during the criminal episode.

*Id.* art. 55.01(c). The Penal Code defines "criminal episode" as:

> . . . the commission of two or more offenses, regardless of whether the harm is directed toward or inflicted upon more than one person or item of property, under the following circumstances:
> (1) the offenses are committed pursuant to the same transaction or pursuant to two or more transactions that are connected or constitute a common scheme or plan; or
> (2) the offenses are the repeated commission of the same or similar offenses.

Tex. Penal Code Ann. § 3.01.

6

The purpose of the expunction statute is to permit a defendant to obtain an expunction of records for wrongful arrests. *Harris Cty. Dist. Att'y's Office v. J.T.S.*, 807 S.W.2d 572, 574 (Tex. 1991); *Travis Cty. Dist. Att'y v. M.M.*, 354 S.W.3d 920, 926 (Tex. App.—Austin 2011, no pet.). "When an arrest is not wrongful, removal and destruction of records relating to it harms the public's interest of using the records 'in subsequent punishment proceedings, including subsequent applications for probation.'" *S.J. v. State*, 438 S.W.3d 838, 841 (Tex. App.—Fort Worth 2014, no pet.) (quoting *J.T.S.*, 807 S.W.2d at 574). A petitioner's right to expunction is purely a matter of statutory privilege. *Id.*

We may not reverse the trial court's ruling unless the appellant has established that the trial court's ruling was in error and that the error was reasonably calculated to cause and probably did cause the rendition of an improper judgment. *See* Tex. R. App. P. 44.1(a)(1). Any error in failing to conduct a hearing on a petition for expunction is harmless where the petitioner is unlikely to succeed on the merits. *See McCarroll v. Tex. Dep't of Pub. Safety*, 86 S.W.3d 376, 378 (Tex. App.—Fort Worth 2002, no pet.) (citing Tex. R. App. P. 44.1(a)(1); *Jones v. Jones*, 64 S.W.3d 206, 210 (Tex. App.—El Paso 2001, no pet.)).

## Analysis

Appellant admits that the three charges of sexual assault in trial cause B-040383-R were against the same victim or as stated in the petition against "the

same complainant alleged in all three counts."[3] The count one and count three charges on which Appellant was acquitted were for the repeated commission of the same or similar offenses. All three counts were for aggravated sexual assault, and the jury convicted Mitchell on count two. We conclude that the charges Appellant is seeking to have expunged arise from the same or a similar criminal episode as the charge for which he was convicted. *See* Tex. Penal Code Ann. § 3.01. Article 55.01(c) bars the expunction of charges under these circumstances. *See* Tex. Code Crim. Proc. Ann. art. 55.01(c); *Benner v. State*, No. 2-07-271-CV, 2008 Tex. App. LEXIS 3216, at **5-6 (Tex. App.—Fort Worth May 1, 2008, pet. denied) (mem. op.); *Addicks v. State*, No. 03-06-00114-CV, 2007 Tex. App. LEXIS 2162, at **7-8 (Tex. App.—Austin Mar. 21, 2007, no pet.) (mem. op.).

Appellant's petition for expunction was filed in the 163rd District Court of Orange County, Texas, and the petition alleges that he was tried for the underlying

---

[3] Appellant attached a copy of the 2004 indictment as Exhibit A to his brief. Although the indictment names the same complainant in all three charges, the indictment is not part of the appellate record. *See* Tex. R. App. P. 34.1 ("The appellate record consists of the clerk's record and, if necessary to the appeal, the reporter's record."); *Atkins-January v. State Office of Risk Mgmt.*, No. 09-16-00439-CV, 2017 Tex. App. LEXIS 7330, at *5 n.1 (Tex. App.—Beaumont Aug. 3, 2017, no pet.) (mem. op.) (explaining that, with limited exceptions, an appellate court may not consider materials outside the appellate record) (citing *In re K.M.*, 401 S.W.3d 864, 866 (Tex. App.—Houston [14th Dist.] 2013, no pet.)); *In re Expunction of M.T.*, 495 S.W.3d 617, 622 (Tex. App.—El Paso 2016, no pet.) ("We cannot consider documents attached to a brief as an exhibit or appendix, but not appearing in the appellate record, on appellate review.").

charges in the same court, and he was convicted on count two. A trial court may rule on an expunction petition without conducting an oral hearing and without considering live testimony if it has available the necessary proof to satisfy the statutory requirements. *See Wilson*, 224 S.W.3d at 863; *Current*, 877 S.W.2d at 839-40. In this case, the trial court could have taken judicial notice of its own file in trial cause number B-040383-R and from the petition and its own file in the trial court it could have determined that the charges Mitchell sought to have expunged arose out of the same criminal episode in the same trial cause as the offense for which the jury convicted Mitchell. *See* Tex. Code Crim. Proc. Ann. arts. 55.01, 55.02; Tex. Penal Code Ann. § 3.01; *Gardner v. Martin*, 345 S.W.2d 274, 276 (Tex. 1961) ("[A] trial court may take judicial notice of its own records in a cause involving the same subject matter between the same, or practically the same, parties."); *Roberts v. Tex. Dep't of Pardons & Parole*, No. 01-09-01058-CV, 2011 Tex. App. LEXIS 4577, at **4-5 (Tex. App.—Houston [1st Dist.] June 16, 2011, no pet.) (mem. op.) (concluding that the trial court did not err in not conducting an oral hearing because it had before it all the information necessary to rule on the petition for expunction). Accordingly, the trial court did not err in failing to conduct a hearing. *See Cire*, 134 S.W.3d at 844; *Wilson*, 224 S.W.3d at 863. But even if the trial court erred in failing to set a hearing, we conclude that any such error is harmless because, as explained above, the record reflects that Mitchell failed to satisfy the expunction statute and

his expunction claim is meritless. *See McCarroll*, 86 S.W.3d at 378; *see also* Tex. R. App. P. 44.1(a)(1). We conclude the trial court did not abuse its discretion, we overrule Appellant's issue, and we affirm the trial court's order.

AFFIRMED.

_____
LEANNE JOHNSON
Justice

Submitted on October 12, 2020
Opinion Delivered November 5, 2020

Before McKeithen, C.J., Kreger and Johnson, JJ.