**Opinion issued December 22, 2020**



In The

# Court of Appeals

For The

# First District of Texas

_____

### NO. 01-19-00079-CV
_____

## HARRIS COUNTY DISTRICT ATTORNEY'S OFFICE, Appellant

## V.

## C.D.F., Appellee

---

**On Appeal from the 133rd District Court**
**Harris County, Texas**
**Trial Court Case No. 2016-28262**

---

## MEMORANDUM OPINION

Appellant, the Harris County District Attorney's Office ("HCDA"), challenges the trial court's order granting the petition for expunction of appellee, C.D.F., which expunged all records of C.D.F.'s June 21, 1996 arrest for the

misdemeanor offense of driving while intoxicated ("DWI").[1]  In its sole issue, HCDA contends that the trial court erred in granting the petition for expunction.

We reverse and render.

## Background

In May 2016, C.D.F. filed a petition for expunction alleging that on June 21, 1996, he was arrested and charged with the misdemeanor offense of DWI.  The DWI charge was later dismissed.  C.D.F. requested expunction[2] of all records relating to the dismissed DWI charge because (1) he had been released, (2) the DWI charge did not result in a final conviction, (3) the DWI charge was no longer pending, (4) there was no court-ordered community supervision under Texas Code of Criminal Procedure article 42.12 related to the DWI charge, and (5) prosecution of the DWI charge was no longer possible because the statute of limitations period had expired.

HCDA answered, generally denying the allegations in C.D.F.'s petition for expunction.

After a hearing,[3] the trial court granted C.D.F.'s petition, expunging all records of C.D.F.'s June 21, 1996 arrest for the misdemeanor offense of DWI.

---

[1]    *See* TEX. PENAL CODE ANN. § 49.04.

[2]    *See* TEX. CODE CRIM. PROC. ANN. art. 55.01(a)(2)(B).

[3]    We do not have a reporter's record from this hearing.

2

HCDA moved for a new trial, arguing that the trial court erred in granting the petition for expunction because (1) on June 21, 1996, C.D.F. was charged with the misdemeanor offense of DWI and the misdemeanor offense of resisting arrest, (2) both charges arose out of a single criminal episode, (3) C.D.F. was convicted of the misdemeanor offense of resisting arrest and his punishment was assessed at confinement for "180 days probated for one year and a $400 fine," and (4) HCDA only moved to dismiss the charge for the misdemeanor offense of DWI because C.D.F. had been "convicted [of the misdemeanor offense of resisting arrest] in [the] []other case." According to HCDA, because C.D.F. was convicted of the misdemeanor offense of resisting arrest, which arose from the same criminal episode and the same arrest as the June 21, 1996 arrest for the misdemeanor offense of DWI, C.D.F. was not entitled to expunction of all records relating to the dismissed DWI charge.

HCDA attached to its motion for new trial, copies of: (1) the Houston Police Department ("HPD") Incident Report relating to C.D.F's June 21, 1996 arrest, (2) the Harris County Justice Information Management System D.A. Intake Management Summary related to C.D.F.'s 1996 misdemeanor offenses of DWI and resisting arrest, (3) a motion to dismiss filed by HCDA and an order granting the motion to dismiss related to the case against C.D.F. for the misdemeanor offense of DWI, (4) the September 23, 1996 judgment convicting C.D.F. of the misdemeanor

3

offense of resisting arrest, and (5) the HPD "Criminal Records Arrest Dispo." related to the charges against C.D.F. for the misdemeanor offenses of DWI and resisting arrest.[4]

The HPD Incident Report related to C.D.F's June 21, 1996 arrest states that C.D.F., while driving a car, passed a law enforcement officer's patrol car at a high rate of speed, which prompted the officer to pursue C.D.F.'s car. After C.D.F.'s car stopped, the officer approached the driver's side of the car. He noticed that C.D.F. appeared intoxicated; C.D.F. had a blank or confused stare, glassy eyes, and slurred speech. C.D.F. admitted to drinking alcohol, and the officer asked C.D.F. to step out of the car to perform field sobriety tests. After completing the testing, the officer informed C.D.F. that he was under arrest, handcuffed him, and escorted him to the rear of the officer's patrol car. C.D.F. then refused to get into the patrol car and did not respond to the officer's verbal commands. The officer pushed C.D.F. into the back seat of the patrol car and took hold of C.D.F.'s feet to restrain him. C.D.F. responded by thrashing about, "striking the officer several times in both [his] shins[] and knee area." With the assistance of another law enforcement officer, the officer was finally able to subdue C.D.F. and secure him in the patrol car.

---

[4]     Copies of these documents were admitted into evidence at the hearing on HCDA's motion for new trial.

4

The September 23, 1996 judgment of conviction states that C.D.F. pleaded nolo contendere[5] to the misdemeanor offense of resisting arrest and the trial court assessed his punishment at confinement for 180 days, probated for one year, and a $400 fine.

The September 1996 motion to dismiss filed by HCDA relates to the charge against C.D.F. for the misdemeanor offense of DWI and seeks dismissal of the case against C.D.F. because he "was convicted [of the misdemeanor offense of resisting arrest] in [the] []other case." The trial court granted HCDA's motion to dismiss.

After a hearing, the trial court denied HCDA's motion for new trial.

## Standard of Review

We review a trial court's ruling on a petition for expunction for an abuse of discretion. *State v. T.S.N.*, 547 S.W.3d 617, 620 (Tex. 2018). Under this standard, we review the trial court's legal determinations de novo, recognizing that the trial court has no discretion in deciding what the law is or in applying it to the facts. *Id.* In conducting our review, though, we may not substitute our judgment for that of the trial court in resolving factual issues committed to its discretion. *In re A.G.*, 388 S.W.3d 759, 761 (Tex. App.—El Paso 2012, no pet.) (holding trial court abuses its

---

[5] *See Odom v. State*, 962 S.W.2d 117, 119 (Tex. App.—Houston [1st Dist.] 1997, pet. ref'd) (pleading "nolo contendere" is a plea of "no contest" (internal quotations omitted)).

discretion if it acts arbitrarily or unreasonably without reference to guiding rules and legal principles).

When, as here, the trial court's ruling on the petition for expunction turns on a question of law because it requires statutory interpretation, the ruling is subject to de novo review. *See T.S.N.*, 547 S.W.3d at 620. "Statutes are to be analyzed as a cohesive, contextual whole with the goal of effectuating the Legislature's intent and employing the presumption that the Legislature intended a just and reasonable result." *Id.* (internal quotations omitted). "Further, our analysis is limited to application of the plain meaning of the statutory language unless a different meaning is apparent from the context or the plain meaning leads to absurd or nonsensical results." *Id.* at 621 (internal quotations omitted). "We also operate under the presumption that the [L]egislature chooses a statute's language with care, deciding to omit or include words purposefully." *Ex parte J.A.B.*, 592 S.W.3d 165, 169 (Tex. App.—San Antonio 2019, no pet.) (internal quotations omitted).

"Expunction is not a right; it is a statutory privilege." *In re State Bar of Tex.*, 440 S.W.3d 621, 624 (Tex. 2014); *In re Expunction of M.T.*, 495 S.W.3d 617, 620 (Tex. App.—El Paso 2016, no pet.). Because expunction is a statutory privilege and not a constitutional or common law right, courts must enforce the statutory requirements and may not add equitable or practical exceptions. *Ex parte E.H.*, 602 S.W.3d 486, 489 (Tex. 2020); *see also In re Expunction of M.T.*, 495 S.W.3d at 620

6

("An expunction cannot be granted unless the statutory requirements are satisfied."). Although codified in the Texas Code of Criminal Procedure, an expunction proceeding is civil in nature, and an expunction may not be granted unless the petitioner satisfies the burden of proving that all statutory requirements have been met. *In re Expunction of M.T.*, 495 S.W.3d at 620; *see also T.S.N.*, 547 S.W.3d at 620; *Ex parte J.A.B.*, 592 S.W.3d at 168.

### Eligibility for Expunction

In its sole issue, HCDA argues that the trial court erred in granting C.D.F.'s petition for expunction because "the arrest-based approach to multi-charge arrests stemming from the same criminal episode" should apply to this case and the "arrest[-]based approach holds that a person is not entitled to expunction for an arrest record if any charge stemming from that arrest resulted in a final conviction." HCDA asserts that C.D.F.'s June 21, 1996 arrest resulted in a final conviction for the misdemeanor offense of resisting arrest, which stemmed from the same criminal episode and arrest as the dismissed DWI charge for which C.D.F. seeks expunction.

The remedy of expunction allows a person who has been arrested for the commission of an offense to have all records and files relating to the arrest removed from the State's records. *See* TEX. CODE CRIM. PROC. ANN. arts. 55.01–.06; *Collin Cty. Dist. Atty's Office v. Fourrier*, 453 S.W.3d 536, 538 (Tex. App.—Dallas 2014, no pet.). Texas Code of Criminal Procedure article 55.01 sets out the statutory

7

requirements for expunction. *See* TEX. CODE CRIM. PROC. ANN. art. 55.01; *In re M.T.R.*, 606 S.W.3d 288, 291 (Tex. App.—Houston [1st Dist.] 2020, no pet.). The portion of the statute that C.D.F. relied on in his petition for expunction provides:

> (a) A person who has been placed under a custodial or noncustodial arrest for commission of either a felony or misdemeanor is entitled to have all records and files relating to the arrest expunged if:
>
> . . .
>
> (2) the person has been released and the charge, if any, has not resulted in a final conviction and is no longer pending, and there was no court-ordered community supervision under Chapter 42A for the offense, unless the offense is a Class C misdemeanor, provided that:
>
> . . .
>
> (B) prosecution of the person for the offense for which the person was arrested is no longer possible because the limitations period has expired . . . .

TEX. CODE CRIM. PROC. ANN. art. 55.01(a)(2)(B).

Article 55.01 begins with language that centers on a person's arrest. *See* TEX. CODE CRIM. PROC. ANN. § 55.01(a) (declaring "person who has been placed under . . . *arrest* for commission of either a felony or misdemeanor is entitled to have *all records and files relating to the arrest*" expunged on satisfaction of enumerated conditions (emphasis added)). The Texas Supreme Court, though, has explained that the expunction statute is "neither entirely arrest-based nor offense-based." *T.S.N.*, 547 S.W.3d at 623. In *T.S.N.*, the Supreme Court analyzed the petitioner's eligibility for expunction under Texas Code of Criminal Procedure article 55.01(a)(1), which

8

is not at issue here. *See id*. at 619, 623. In that case, the petitioner had been arrested on the same day on two unrelated charges, one for the misdemeanor offense of theft and one for the felony offense of aggravated assault. *Id*. at 618. The petitioner pleaded guilty to the misdemeanor offense of theft, but she pleaded not guilty to the felony offense of aggravated assault. *Id.* After a jury trial on the charge for the felony offense of aggravated assault, the petitioner was acquitted of that charge. *Id.* Following her acquittal, she filed a petition for expunction, seeking expungement of the records relating to the aggravated-assault charge. *Id.* at 618–19.

Rejecting a categorical arrest-based approach to determining a petitioner's eligibility for expunction under Texas Code of Criminal Procedure article 55.01(a)(1), the Texas Supreme Court concluded that the petitioner was entitled to expunction as to the aggravated-assault charge of which she was acquitted. *Id*. at 624. However, the court expressly declined to weigh in on whether the same approach would apply to a petitioner seeking expunction under article 55.01(a)(2). *See id*. at 623 ("The expunction scheme under []article (a)(2) is not at issue, and we express no opinion about it."). Citing article 55.01(a) generally, though, the court observed that,

> where an arrest is made pursuant to a charge or charges for multiple related offenses as part of a criminal episode, the statute . . . clearly does not entitle the person to expunction of any files and records relating to the episode if the person . . . is convicted of one of the offenses . . . .

9

*Id*. (emphasis omitted).

Since the Texas Supreme Court's decision in *T.S.N.*, the Fourteenth Court of Appeals has considered whether Texas Code of Criminal Procedure article 55.01(a)(2)(B) permits the expunction of records pertaining to an individual offense when the arrest of the petitioner involved multiple charged offenses. *See Tex. Dep't of Public Safety v. T.R.W.*, No. 14-17-00572-CV, 2019 WL 3724707, at *2 (Tex. App.—Houston [14th Dist.] Aug. 8, 2019, no pet.) (mem. op.); *Ex parte N.B.J.*, 552 S.W.3d 376, 383–84 (Tex. App.—Houston [14th Dist.] 2018, no pet.).

In *Ex parte N.B.J.*, the petitioner was arrested on the same day on two unrelated charges. 552 S.W.3d at 378–79. The petitioner pleaded guilty to the initial offense and was convicted. *See id.* The State then dismissed the case related to the second charged offense—the records of which the petitioner later sought to have expunged under Texas Code of Criminal Procedure article 55.01(a)(2)(B). *Id.* The trial court granted the petitioner's petition for expunction concluding that he was entitled to expunction of the arrest records related to the second charge under article 55.01(a)(2)(B). *Id.* at 379.

On appeal, the Fourteenth Court of Appeals held that the Texas Supreme Court's treatment of unrelated charges under article 55.01(a)(1) in *T.S.N.* also applied to an expunction being sought under article 55.01(a)(2). *Id*. at 383–84. And it affirmed the trial court's order granting expunction, concluding that article

10

55.01(a)(2)(B) permitted expunction of "records stemming from each individual offense or charge, at least when the charges are unrelated." 552 S.W.3d at 384.

In contrast, in *T.R.W.*, the petitioner was arrested on January 2, 2012 and charged with the misdemeanor offense of theft and the misdemeanor offense of possession of a controlled substance. 2019 WL 3724707, at *1. Both of the offenses were alleged to have occurred on January 2, 2012. *Id.* The petitioner and the State entered a plea agreement under which the petitioner completed a pre-trial intervention program related to the misdemeanor offense of theft and pleaded no contest to the charge for the misdemeanor offense of possession of a controlled substance. *Id.* The trial court, pursuant to the plea agreement, then placed the petitioner on community supervision for a period of two years related to the misdemeanor offense of possession of a controlled substance. *Id.* After the petitioner successfully completed the pre-trial intervention program, the trial court dismissed the case against the petitioner for the misdemeanor offense of theft. *Id.* In 2016, the petitioner filed a petition for expunction seeking expunction of the records related to her January 2, 2012 arrest for the misdemeanor offense of theft. *Id.* The trial court granted the petition. *Id.* at *2.

On appeal, the Fourteenth Court of Appeals noted that, unlike the petitioner in *Ex parte N.B.J.*, the petitioner in *T.R.W.* "did not present any evidence indicating that the two charged offenses emanating from her January 2, 2012 arrest were

unrelated." *Id.* at *6. Further, the petitioner did "not dispute that she served community supervision for the possession charge stemming from the January 2, 2012 arrest, and the record contain[ed] ample documentation to establish that as a fact." *Id*. at *7. Because the record did not show that the related charge—the charge for the misdemeanor offense of possession of a controlled substance which stemmed from the same January 2, 2012 arrest—did not result in a conviction, the court concluded that the petitioner did not establish, under Texas Code of Criminal Procedure article 55.01(a)(2)(B), that she was entitled to expunction of the records related to her January 2, 2012 arrest for the misdemeanor offense of theft. *Id*. at *9.

In *In re Expunction*,[6] this Court addressed whether "an expunction applie[d] to an entire arrest[] [and] not to individual charges resulting from an arrest," when both of the petitioner's "felony and misdemeanor charges resulted from the same arrest." 465 S.W.3d 283, 286 (Tex. App.—Houston [1st Dist.] 2015, no pet.), *overruled on other grounds by T.S.N.*, 547 S.W.3d at 622. The petitioner in *In re Expunction* was arrested in October 2011 for the felony offense of attempted indecency with a child by sexual contact. 465 S.W.3d at 285. A month later, he

---

[6]     This Court's decision predates the Texas Supreme Court's decision in *State v. T.S.N.*, 547 S.W.3d 617 (Tex. 2018), and the Fourteenth Court of Appeals's decisions in *Texas Department of Public Safety v. T.R.W.*, No. 14-17-00572-CV, 2019 WL 3724707 (Tex. App.—Houston [14th Dist.] Aug. 8, 2019, no pet.) (mem. op.), and *Ex parte N.B.J.*, 552 S.W.3d 376 (Tex. App.—Houston [14th Dist.] 2018, no pet.), but we reached the same result as our sister appellate court.

12

pleaded nolo contendere to the misdemeanor offense of assault in exchange for the dismissal of the case against him for the felony offense of attempted indecency with a child by sexual contact. *Id*. at 285–86. After the felony attempted-indecency-with-a-child charge against the petitioner was dismissed, he filed a petition for expunction seeking expunction of all records related to his arrest for the felony offense of attempted indecency with a child by sexual contact. *Id.*

As we noted in our opinion, the record in *In re Expunction* showed that the petitioner's second charge for the misdemeanor offense of assault was related to his October 2011 arrest for the felony offense of attempted indecency with a child by sexual contact and resulted in a conviction pursuant to a plea agreement with the State. *Id.* at 291. At a hearing on the petition for expunction, the petitioner testified that the State made "an offer that [it] would refile an assault charge and place [him] on one-year deferred . . . [a]nd dismiss the sexual assault allegations [against him]." *Id.* (internal quotations omitted). The petitioner thus "admitted that he completed a course of deferred adjudication in connection with the assault charge," and his plea of nolo contendere to the misdemeanor offense of assault amounted to an admission that "his arrest was not wrongful and . . . the felony charge [for the offense of attempted indecency with a child by sexual contact] was not dismissed due to false information, mistake, or lack of probable cause," making him ineligible for

13

expunction under Texas Code of Criminal Procedure article 55.01(a)(2)(A). *Id.* at 292–93.

This Court also concluded that the petitioner was ineligible for expunction under article 55.01(a)(2)(B) because no statute of limitations applied to the charge for the offense of indecency with a child by sexual contact. *Id.* at 293. The opinion does not address why this Court did not use the same arrest-based rationale under article 55.01(a)(2)(B) as it did to conclude that the petitioner was not entitled to expunction under article 55.01(a)(2)(A). But we reject C.D.F.'s assertion in this appeal that *In re Expunction* requires us to focus solely on whether the statute of limitations has run on the dismissed offense and ignore the result of any related charge stemming from the same arrest in determining whether the trial court erred in concluding that he is eligible for expunction under article 55.01(a)(2)(B).

The Legislature did not elucidate on the connection between the arrest-based language at the beginning of Texas Code of Criminal Procedure article 55.01(a) and the petitioner's burden to prove that "prosecution of the person for the offense for which the person was arrested is no longer possible because the [statute of] limitations period has expired." *See* TEX. CODE CRIM. PROC. ANN. art. 55.01(a)(2)(B). But both provisions begin with the reference to the "arrest" and C.D.F's approach to analyzing the statute would ignore that usage. Further, it would run counter to *T.S.N.*'s general observation that Texas Code of Criminal Procedure

article 55.01(a) does not allow the expunction of related charges out of a single criminal episode if a person is convicted of one of those offenses. *See* 547 S.W.3d at 621. This observation counsels a more nuanced approach than either the categorical arrest-based one urged by HCDA or the categorical offense-based one urged by C.D.F.—that is, one that considers the arrest as a whole while recognizing that when more than one offense is charged, all charges may not necessarily stem from the same criminal episode.

Here, though, the two charges—the charge for the misdemeanor offense of DWI and the charge for the misdemeanor offense of resisting arrest—against C.D.F. stemmed from the same criminal episode and the same arrest. C.D.F. pleaded nolo contendere to the misdemeanor offense of resisting arrest and was convicted and sentenced for that offense. The motion to dismiss filed by HCDA relating to the DWI charge against C.D.F. sought dismissal of the case against him because C.D.F. had been convicted of the misdemeanor offense of resisting arrest "in another case . . . ." The record thus precludes C.D.F. from showing that the June 21, 1996 arrest that led to his DWI charge "has not resulted in a final conviction," rendering him ineligible for expunction under Texas Code of Criminal Procedure article 55.01(a)(2)(B). *See T.R.W.*, 2019 WL 3724707, at *7, *9 (petitioner failed to establish entitlement to expunction of theft charge under article 55.01(a)(2) where evidence showed she was charged with both misdemeanor offense of theft and

15

misdemeanor offense of possession of a controlled substance on same date; petitioner complied with plea agreement requiring completion of pre-trial intervention on theft charge, entry of no-contest plea and community supervision as to possession charge, resulting in dismissal of both charges); *In re J.G.*, 588 S.W.3d 290, 291, 294 (Tex. App.—El Paso 2019, no pet.) (petitioner ineligible for expunction where he pleaded guilty to one of three charges stemming from same criminal episode and arrest; petitioner pleaded guilty to a reduced charge, State dismissed remaining charges, and both dismissal forms noted reason for dismissal as being petitioner's conviction in another case); *In re Expunction of J.O.*, 353 S.W.3d 291, 294 (Tex. App.—El Paso 2011, no pet.) (holding petitioner failed to carry burden to establish that possession charge did not result in final conviction and precluding expunction under article 55.01(a)(2)(B), where evidence showed she was charged with possession of marijuana, less than two ounces, then pleaded guilty to offense and was convicted of reduced charge of disorderly conduct).

We hold that the trial court erred in granting C.D.F.'s petition for expunction. We sustain the State's sole issue.

## Conclusion

We reverse the trial court's order of expunction and render judgment denying C.D.F.'s petition for expunction.

Julie Countiss
Justice

Panel consists of Justices Lloyd, Landau, and Countiss.

17